The City of Chicago

*v.*

The Baptist Theological Union.

*Filed at Ottawa September 21, 1885.*

1. Special assessments—*exemption therefrom—power of the legislature in that regard, under constitution of 1848.* The provision in section 3, article 9, of the constitution of 1848, that "the property of the State and counties, both real and personal, and such other property as the General Assembly may deem necessary for school, religious and charitable purposes, may be exempt from taxation," is a limitation upon the powers of the legislature to grant exemptions from taxation except as to those specifically author-

ized by it. That clause prohibits the legislature from granting any exemption to religious or charitable corporations, except from general taxation, and a clause in a charter exempting the property of the corporation from special assessments for local improvements is unconstitutional and void.

2. Under the constitution of 1848, the principles of equality and uniformity enjoined by it apply to special assessments for local improvements, the same as to general taxation; and acts of the legislature, and ordinances of cities acting by its authority, attempting to create exemptions not specially authorized by that instrument, are void.

3. SAME—*Baptist Theological Union—constitutionality of exemption in its favor.* Section 7 of the charter of the Baptist Theological Union, granted in 1865, providing that "the property, real and personal, belonging to said corporation, at any and all times hereafter, shall be free and exempt from all taxation and assessments, special or general, for any and all purposes whatever," is held unconstitutional and void under the constitution of 1848, in so far as it attempts to exempt the property of that corporation from assessment of benefits for local improvements.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. F. S. WINSTON, Corporation Counsel, for the appellant:

Exemptions from taxation or assessment are to be strictly construed, and the authority to make the same must be clear and unambiguous. Taxation is the rule, exemption is the exception. Cooley on Taxation, 146; Cooley on Const. Lim. 393; Sedgwick on Stat. and Const. Law, 344, 632; *Tucker* v. *Ferguson,* 22 Wall. 575; *Northwestern University* v. *People,* 80 Ill. 333; *People* v. *Graceland Cemetery Co.* 86 id. 336.

An exemption from taxation does not exempt from municipal assessments for local improvements; nor does the power to exempt from taxation permit an exemption from special assessments. *Canal Trustees* v. *Chicago,* 12 Ill. 403; *Higgins* v. *Chicago,* 18 id. 276; *Chicago* v. *Colby,* 20 id. 614; *Peoria* v. *Kidder,* 26 id. 352; *Wright* v. *Chicago,* 46 id. 44; *Nix* v. *Post,* 57 id. 121; *Cook County* v. *Chicago,* 103 id. 646; *McLean County* v. *Bloomington,* 106 id. 209; *Mayor of New York,* 11 Johns. 77; *Buffalo City Cemetery Co.* v. *Buffalo,* 46 N. Y. 506; *People* v. *Davenport,* 91 id. 574; *Baltimore* v. *Green-*

*mount Cemetery Co.* 7 Md. 205; *Boston Society* v. *Boston*, 116 Mass. 181.

Under the constitution of 1848, the rule of equality and uniformity applied as well to special assessments as to taxation, and no exemptions therefrom could be made by the legislature, unless clearly authorized by the clause of the constitution relating to exemptions. *City of Chicago* v. *Baer*, 41 Ill. 306; *City of Ottawa* v. *Spencer*, 40 id. 211; *City of Chicago* v. *Larned*, 34 id. 267; *O'Kane* v. *Treat*, 25 id. 557; *Hunsaker* v. *Wright*, 30 id. 146.

Section 3, article 9, of the constitution of 1848, which provides that "the property of the State and counties, and such other property as the General Assembly may deem necessary for.school, religious and charitable purposes, may be exempt from taxation," was in itself a limitation upon the power of the legislature either to exempt any other property from taxation, or to exempt such property from any other burden except the burden of taxation. *Northwestern University* v. *People*, 80 Ill. 333; *University* v. *People*, 9 Otto, 309; *Harward* v. *St. Clair Drain Co.* 51 Ill. 130; *Gage* v. *Graham*, 57 id. 144; *Madison County* v. *People*, 58 id. 456; *Primm* v. *City of Belleville*, 59 id. 142; *Board of Directors* v. *Houston*, 71 id. 318; *Craw* v. *Village of Tolono*, 96 id. 255.

Messrs. HOLDEN & FARSON, for the appellee:

A charter is a contract, which can not be changed or annulled without the consent of both contracting parties. *Neustadt* v. *Railroad Co.* 31 Ill. 484; *Bank of R.* v. *County of H.* 21 id. 59; *Burt* v. *Shipman*, 4 Scam. 190; *Bruffett* v. *Railroad Co.* 25 Ill. 355; *Reaper Bank* v. *Willard*, 24 id. 438.

The constitution is not a grant of power, but a restriction upon the powers of the legislature. It is competent for the legislature to exercise all powers not forbidden. *Sawyer* v. *City*, 3 Scam. 130; *City* v. *Larned*, 34 Ill. 280; *State Treasurer* v. *Collector*, 28 id. 512.

A prohibition as to exemption from taxation would not extend to an exemption from special assessments. *City* v. *Colby*, 20 Ill. 614; *Canal Trustees* v. *City*, 12 id. 406; *City* v. *Kidder*, 26 id. 357; *Bank* v. *Campbell*, 42 id. 490.

The rule of uniformity is not the main principle of special assessments. *Hundley* v. *Comrs.* 67 Ill. 565.

Public property of the State, county or municipal corporations may be exempted from special assessments. *Higgins* v. *City*, 18 Ill. 280.

There is no authority for special assessments on city property. *Taylor* v. *People*, 66 Ill. 322.

The appropriation of property for theological instruction is regarded as a charitable use, and enforced as such. *Gilman* v. *Hamilton*, 16 Ill. 225.

The exercise of the exempting power in a charter rests upon a different principle from a mere exemption. *Hunsaker* v. *Wright*, 30 Ill. 149.

The appellee's charter has been sustained as to the exemption from taxation. *People* v. *Soldiers' Home*, 95 Ill. 562.

The opposition between the law and the constitution must be clear and strong to authorize the court to pronounce the law void. Acts of the legislature will be sustained, if it is possible so to do.

Questions of policy have no weight. *People* v. *Marshall*, 1 Gilm. 689; *Bruce* v. *Schuyler*, 4 id. 274; *Board* v. *Railroad Co.* 44 Ill. 229; *Bunn* v. *People*, 45 id. 397; *People* v. *Salomon*, 46 id. 333; *McVeigh* v. *City*, 49 id. 318.

The legislature possesses plenary power in reference to taxation, except as restricted by the constitution. *Porter* v. *Railroad Co.* 76 Ill. 573.

Exemptions from taxation and assessment include special assessments for benefits. *Brightman* v. *Kirner*, 22 Wis. 594; *Railroad Co.* v. *City*, 21 Minn. 526; *State* v. *City*, 7 Vroom, 478; *Olive C. Co.* v. *City*, 93 Pa. St. 129; *Harvard College* v. *City*, 104 Mass. 470.

Mr. JUSTICE TUNNICLIFF delivered the opinion of the Court:

This was a proceeding by appellant, under the general act for the incorporation of cities and villages, to open Rhodes avenue, in the city of Chicago, under a petition filed for that purpose on the 31st of October, 1883, in the Superior Court of Cook county. The damages for the property to be taken having been ascertained, a supplemental petition was filed, under article 9, of chapter 24, of the Revised Statutes, concerning cities, villages and towns, in the same court, to assess the benefits of such opening upon property benefited thereby, and to that extent raise money to be applied toward paying the damages occasioned by making the improvement in question. The appellee claims that it should be exempt from the payment of such assessment of benefits, under section 7 of its charter, granted to it by the legislature of this State in 1865, which is as follows:

"Sec. 7. The property, real and personal, belonging to said corporation, at any and all times hereafter shall be free and exempt from all taxation and assessments, special or general, for any and all purposes whatever."

Appellant insists that if this section is to be construed as embracing assessments against this property upon the ratio of benefits which it will receive from the opening of the street, then, so far as such assessments are concerned, it is in conflict with the constitution of 1848, which was in force at the time appellee's charter was granted, and is therefore to that extent void.

It has been repeatedly held by this court that under that constitution, as to property not specially authorized by it to be exempted therefrom, the principles of equality and uniformity enjoined by it are as applicable to special assessments of the character in question as to taxation in general, and that acts of the legislature, or ordinances of cities or towns acting by its authority, attempting to create such ex-

emptions, are void.  This question was elaborately discussed, and so held, in the case of *City of Chicago* v. *Larned*, 34 Ill. 267, and was followed in the case of *City of Chicago* v. *Baer*, 41 Ill. 306, in which last case it was held that an ordinance exempting a street railway track from special assessments levied upon other property along the street in which the railway track was laid, for the purpose of paving the street, was unconstitutional, and the assessment not collectible as against any of the property.  The late Mr. Justice Lawrence, in delivering the opinion of the court, used this language:  "We will now state the ground upon which we place our decision. In our judgment this case must be clearly decided upon the principles established by this court as the law of this State, in the case of *City of Chicago* v. *Larned*, 34 Ill. 267.  That case was very fully argued, and very maturely considered by the court, and we are entirely satisfied with the conclusions there announced.  It was there held that the constitutional provision requiring equality of taxation, applied as well to special assessments for improvements of this character as to any other form of taxation; that when the burden is to be imposed upon those who are benefited by the proposed improvement, it must be imposed upon all who are directly benefited, in the ratio of the benefits, since it would be in violation of the equality sought to be secured by the constitution, as well as all just principles of taxation, to exempt a portion of those benefited, and thereby increase the burden upon the remainder."  To the same effect is the case of *City of Ottawa* v. *Spencer*, 40 Ill. 211.

There is not, and can not be, any claim of power in the legislature to depart from this rule of equality and uniformity under the constitution we are considering, unless it can be found in section 3, article 9, which is as follows:  "The property of the State and counties, both real and personal, and such other property as the General Assembly may deem necessary for school, religious and charitable purposes, may

be exempt from taxation." This section has always been held to be a limitation upon the powers of the legislature, and it can grant no exemptions except those authorized by it. It is conceded that this property is held by appellees for "religious and charitable purposes," within the meaning of said section, as it was construed by the Supreme Court of the United States in the case of *University* v. *People*, 9 Otto, 309, and would therefore be exempt from general or special taxation, under the seventh section of appellee's charter. But it is claimed that assessments of benefits for local improvements are not embraced in the term "taxation," and whether it should be so held or not is the only question presented by the record for our consideration.

The distinction between taxation and assessments upon property, in the ratio of benefits derived, for local improvements, came before the Supreme Court of the State of New York as early as 1814. *In the matter of the Mayor of New York*, 11 Johns. 77, where the question was, whether property belonging to certain churches was liable to assessments of this character, the statute of that State declaring "that no real estate belonging to any church or place of public worship * * * shall be taxed by any law of this State," the court say: "The word 'taxes' means burdens, charges or impositions put or set upon persons or property for public uses, and this is the definition which Lord COKE gives to the word '*talliage*,' (2 Inst. 532,) and Lord HOLT, in Carth. 438, gives the same definition, in substance, of the word 'tax.' The legislature intended by that exemption to relieve religious and literary institutions from these public burdens, and the same exemption was extended to the real estate of any minister, not exceeding in value $1500. But to pay for the opening of a street in a *ratio* to the 'benefit or advantage' derived from it, is no *burden*. It is no *talliage* or tax, within the meaning of the exemption, and has no claim upon the public benevolence. Why should not the real estate of a

minister, as well as other persons, pay for such an improvement, in proportion as it is benefited? There is no inconvenience or hardship in it, and the maxim of the law, that *qui sentit commodum debet sentire onus*, is perfectly consistent with the interests and dictates of science and religion,"— and held that the claim of the churches to be exempt from these assessments could not be sustained.

The case of *Canal Trustees* v. *City of Chicago*, 12 Ill. 403, is directly in point upon this question. That was a proceeding for the purpose of opening a street in the city of Chicago, and presented the question whether the real estate belonging to the trustees of the Illinois and Michigan Canal was liable to be assessed for benefits the property would derive from the opening of the street. The 13th section of the act by virtue of which the canal lands were granted to the trustees, declared that "the said lands and lots shall be exempt from taxation of every description, by and under the laws of this State, until after the same shall be sold and conveyed by said trustees, as aforesaid." Mr. Justice TREAT, in delivering the opinion of the court, said: "It is contended that the assessment in question falls within this exemption. In our opinion the exemption must be held to apply only to taxes levied for State, county and municipal purposes. A tax is imposed for some general or public object. It is an exaction made for the purpose of carrying on the government directly, or through the medium of municipal corporations, which are but parts of the machinery employed in conducting the operations of the government. It is a charge on an estate that lessens its value. In the proportion in which the owner is required to pay is his pecuniary ability diminished. This is the sense in which the term 'taxation' is used and understood. A reference to two or three adjudged cases will not be inappropriate. *In the matter of the Mayor of New York*, 11 Johns. 77, an exemption in favor of churches from being 'taxed by any law of the State,' was held to refer only to general taxes for the

benefit of a town, county, or State at large, and not to extend to special assessments on the property of churches for benefits resulting thereto by the opening, enlarging or improving of streets. In *Bleeker* v. *Ballou*, 3 Wend. 263, a covenant on the part of a lessee to pay 'all taxes' on the demised premises, was held not to embrace a special assessment for pitching and paving a street in front of the property. In the case of *Northern Liberties* v. *St. John's Church*, 13 Pa. St. 104, a general law exempting churches 'from all and every county, road, city and school tax,' was construed not to extend to an assessment for laying water pipes along the grounds of a church deemed to be benefited thereby. Those cases can not be distinguished in principle from the one before us. The assessment in question has none of the distinctive features of a tax. It is imposed for a special purpose, and not for a general or public object. It is not a charge on an estate which reduces its value. * * * The improvement is made for the improvement of a particular district, and the property there situated is required to bear the expense in the proportion in which it is benefited. The assessment is precisely in the ratio of the advantages accruing to the property in consequence of the improvement. It is but an equivalent or compensation for the increased value the property derives from the opening of the street."

The doctrine of this case has been recognized and adhered to in the case of *City of Chicago* v. *Colby*, 20 Ill. 614, in *McBride's case*, 22 id. 576, *City of Peoria* v. *Kidder*, 26 id. 351, *Town of Pleasant* v. *Kest*, 29 id. 490, *Larned's case*, 34 id. 203, and in the case of *County of McLean* v. *City of Bloomington*, 106 id. 209. In the case last cited it is said, in the opinion by BREESE, Justice, page 272: "All the cases decided by this court, so far as we have examined, hold that these special assessments are not taxes, for the reason, as plainly appears from the opinions delivered, that when laid in the ratio of benefits they are not burdens. It is that element

which has reconciled this court to their imposition, and induced the court to range the power to make them under the power of eminent domain, the 'just compensation' being the benefits flowing to the property from the improvements, and which are required to be estimated together with the damages. Nor can a case be found decided by this court on principle variant from this, the equation of benefit and burden forming the ground work of them all."

We are of opinion that the section of the constitution of 1848, above quoted, prohibited the legislature from granting to appellee any exemptions except from taxation, and that the assessment of the benefits in question does not come within the meaning of that term as used in the seventh section of its charter, and that such attempted exemption is void, and should have. been disregarded by the court below.

The judgment of the court is therefore reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*