THE UNIVERSITY OF CHICAGO

*v.*

THE PEOPLE *ex rel.* William C. Seipp.

*Filed at Ottawa November 13, 1886.*

1. EXEMPTION FROM TAXATION—*University of Chicago—constitutionality.* Section 10 of the charter of the University of Chicago, passed in 1857, is unconstitutional and void, under the constitution of 1848, in so far as it attempts to exempt the property of that corporation from assessment of benefits for local improvements.

2. Nor does the provision in section 2, article 8, of the constitution of 1870, securing the faithful application of all gifts, etc., to the purposes intended, lend any aid to the claim of exemption in such case. That clause in the constitution relates to the public school fund of the State, from whatever source derived, and not merely private donations to educational institutions, or to private corporations created for educational purposes.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. JENKINS & HARKNESS, for the appellant.

Mr. GEORGE M. HAYNES, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The appeal in this case is from the judgment of the county court of Cook county, for the sale of the real estate of the University of Chicago, upon which its buildings are located, for two special assessments levied by the municipal authorities of the city of Chicago, for the improvement of streets adjacent to the university grounds. The principal objection insisted upon is, the real property of the university is exempted "from taxation or assessment for all and any purpose whatever," under the 10th section of the charter of 1857.

The facts of this case, as they appear in the record, so clearly bring it within the principle of *City of Chicago* v. *Baptist Theological Union*, 115 Ill. 245, it will not be necessary to discuss the case as on first impression. It was held in that case, section 7 of the charter of the Baptist Theological Union, granted in 1865, providing that "the property, real and personal, belonging to said corporation, at any and all times hereafter, shall be free and exempt from all taxation and assessments, special or general, for any and all purposes whatever," is held unconstitutional and void, under the constitution of 1848, in so far as it attempts to exempt the property of that corporation from assessment of benefits for local improvements. The provisions contained in the charters of both corporations are, in substance, the same, and the case cited must control the present decision.

It is not thought the provisions of section 2, article 8, of the constitution of 1870, designed to secure the faithful application of school lands, moneys or other property granted or donated to school, college, seminary or university purposes,

at all aid the view suggested by counsel. That provision was, no doubt, intended to secure the public school fund of the State, from whatever source derived, and not mere private donations to educational institutions, or to private corporations created for educational purposes. The case of *People* v. *Trustees, ante,* p. 52, goes to that extent, and no further.

The judgment of the county court will be affirmed.

*Judgment affirmed.*