## Belle B. DeClercq v. Barber Asphalt Paving Company.

1. TAXES—*Special Assessments Not Taxes.*—The words " taxes " or " other taxes," when employed in a conveyance of an interest in land, do not include special assessments.

2. SAME—*Definition in Revenue Act Limited in Application.*—The definition of the words " tax " and "taxes," in Sec. 292 of the revenue act, has no application to the use of those words except in connection with the enforcement of the provisions of that act, and can not be considered as a legislative construction of the meaning of such word s when used in private contracts.

Assumpsit, for taxes under conditions of a lease. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

MATTHEWS & HUGHES, attorneys for plaintiff in error.

WARREN & COX, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The only controversy urged for our consideration in this cause, is one concerning the liability of the defendant in error to pay one-half of certain special assessments levied

against the premises demised to it by the plaintiff in error, by lease running five years from March 25, 1884.

By the terms of the lease, the lessee (defendant in error) covenanted to pay $1,200 per year in quarterly installments of $300, and also to pay " all the water-tax, and one-half of all other taxes levied on said property during said term."

The action was brought to recover for one-half the sum paid by plaintiff in error to redeem from a sale of the demised premises, October 26, 1887, for a special assessment for curbing, paving and grading Halsted street, in the locality of the premises, and also for one-half of the sum paid by plaintiff for an 1888 special assessment for a sidewalk on Halsted street.

The claim made below, and here, is that not alone does the proper construction of the words of the lease, " all other taxes levied," include special assessments, but also, that the parties by their dealings under the lease placed that construction upon the covenant, and the declaration, as amended, so alleged.

We do not regard the question whether the words " taxes," or " other taxes," when employed in a lease, or other conveyance of an interest in land, include special assessments, to be an open one in this State.

In County of McLean v. Bloomington, 106 Ill. 209, where the question was whether certain property was exempt from special assessment, and the argument was made that a special assessment was substantially a tax, the court said: " We have been too long and too firmly committed to the doctrine that exemption from taxation does not exempt from special assessments, to now admit that it is even debatable."

The distinction between a tax and a special assessment is, that a tax is imposed for some general or public object; an exaction made for the purpose of carrying on the government directly; a charge on property that lessens its value, and in the proportion in which the owner is required to pay, his pecuniary ability is diminished; whereas, a special assessment has none of those distinctive features; it is

levied for a special purpose, and not for a general or public object; the property is specially assessed in the proportion in which it is benefited; the assessment is but an equivalent for the increased value given to the property. City of Chicago v. Baptist Theological Union, 115 Ill. 245; Stephani v. The Catholic Bishop, 2 Ill. App. 249.

We must suppose the parties employed the word "taxes" as meaning what the decisions of our courts and common usage have declared it to mean. If a special assessment be not a burden like a tax, which diminishes the value of property and the pecuniary ability of the owner, but be merely a compensation which the property owner is called to pay for an exactly proportionate addition to the value of his property, we should, if we were to hold that taxes include special assessments, be guilty of adding to the contract of the parties, a requirement on the part of the lessee, which it can not be presumed they intended when they used words which imply, according to their adjudicated and common meaning, that the lessee should share equally with the lessor the burdens, but not the compensations, of ownership.

The contention that the parties, by their dealings in the matter, construed the covenant to mean as claimed by plaintiff in error, and that the court should adopt such construction, is based upon the circumstance that in 1885 the defendant in error paid one-half of what in the bill that was rendered is called a "park tax," and one-half of what in the same bill is called a "sewer tax," on the demised premises, both items aggregating the sum of $15.69.

We will not review the evidence concerning the payment of those items, but having considered all that was done and said when they were paid, and its competency, content ourselves with holding that the effect of it was not sufficient to overcome or to change the legal effect of the words used in the covenant.

It is also urged, that because in the defining clause of the revenue act (Sec. 292, Chap. 120), it is provided that the words "tax — taxes," shall be construed, "whenever it

shall be necessary to the proper construction of this act," to include "any tax, special assessment or costs, interest or penalty imposed upon property," therefore, the lease in question having been entered into subsequent to the enact ment of that act, the parties will be supposed to have used the words "other taxes" with reference to the meaning there defined.

The limiting words which we have quoted from the act, save the definition from having any application to the use of the words "tax—taxes," except in connection with the enforcement of the provisions of that act, and can not be said to extend so far as to create a legislative construction of the meaning of such words when used in private contracts.

Upon the whole record, the judgment of the Superior Court must be affirmed.

Mr. Justice Waterman.

The definition of a special assessment contained in the opinion of the court is correct as a theory of the law. The definition is universally true, as a matter of fact, only in the statement that a special assessment is levied for a special purpose.

Very frequently it is the case that property specially assessed for a supposed benefit, is not benefited by the proposed improvement, and that the special assessment becomes and is a mode for, under forms of law, depriving one of property without rendering him compensation therefor.