In re 225th STREET (MUSCOOTA STREET) IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  April 12, 1912.)

1. MUNICIPAL CORPORATIONS (§ 461*)—PROCEEDINGS TO ASSESS COMPENSATION.

Under Greater New York Charter (Laws 1901, c. 466) § 980, which provides that the Commissioner of Assessment shall in assessing the benefits of an improvement assess all lands, etc., within the area of assessment fixed by the board of estimate and apportionment, where, in proceedings to widen a street, the board of estimate and apportionment had fixed the cost and the area of assessment, together with the amount of the cost which should be borne by the city, the commissioner could only distribute the sum fixed to be paid by the area benefited in proportion to the benefit received, and could neither reduce the amount to be assessed nor increase the area of assessment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1105; Dec. Dig. § 461.*]

2. MUNICIPAL CORPORATIONS (§ 473*)—PROCEEDINGS TO ASSESS COMPENSATION.

Whether an apportionment of benefits to be derived from the widening of the street by a commissioner of assessment on particular property in an assessment area fixed by the board of estimate and apportionment was equitably laid must be determined by a comparison of all the assessments within the area with the benefit to accrue to each lot, and that the assessment levied exceeds the actual benefit, will not render it invalid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1121; Dec. Dig. § 473.*]

3. MUNICIPAL CORPORATIONS (§ 503*)—ASSESSMENTS OF DAMAGES—DECISION OF COMMISSIONER—APPEAL.

An assessment and apportionment of benefits by a commissioner of assessment to the lands in an assessment area for widening a street will not be overthrown by the court, in the absence of a strong showing of an abuse of discretion or of manifest error.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1175; Dec. Dig. § 503.*]

Appeal from Special Term, New York County.

Proceeding by the City of New York to acquire title to certain property for the opening and extending of a street in the borough of Manhattan.  From an order confirming the report of commissioners of estimate and refusing to confirm the report of the Commissioner of Assessment, the city appeals.  Reversed, and report confirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John J. Kearney, for appellant.

Benjamin Trapnell, for respondent.

SCOTT, J.  Although the appeal is from the whole order, the appellant confined itself to a discussion of so much of the order as refuses to confirm the report of the commissioner of assessment, and refers the assessment for benefit back for revision and correction. We therefore shall consider only that feature of the order.

[1] The proceeding is for the widening of Muscoota street or West 225th street from 60 to 100 feet, extending from Broadway easterly to the line dividing the borough of Manhattan from the borough of

the Bronx. The total cost of the proceeding, confirmed by the order appealed from, is $66,125.98, of which 13 per cent. or $8,596.38 is assessed upon and borne by the city of New York pursuant to a resolution adopted by the board of estimate and apportionment. The area of assessment was fixed by said board of estimate and apportionment, and embraces many lots, some in the borough of Manhattan and some in the borough of the Bronx, besides those owned by the respondents in this proceeding. Section 980 of the Greater New York charter (Laws 1901, c. 466) provides that:

"The commissioner of assessment shall in making his estimate and assessment of the value of the benefit and advantage of the said improvement, assess any and all of such lands, tenements, hereditaments and premises within the area of assessment fixed and prescribed by the board of estimate and apportionment, as the area of assessment for benefit, in proportion to the amount of benefit received."

The problem presented to the commissioner of assessment therefore was to distribute the sum of $57,529.60 over the lands within the assessment area in proportion to the benefit received. He had no authority to reduce the amount to be assessed, or to increase the area of assessment. He was bound to assume that every separate parcel of property within the assessment area derived some benefit from the improvement for the board of estimate and apportionment had so determined, and the commissioner was without authority to modify such determination. Hassen v. City of Rochester, 65 N. Y. 516; Id., 67 N. Y. 528.

[2] It is quite beside the mark therefore to pick out, as the respondents do, one or two lots within the assessment area, and to contend that the assessments levied upon them exceed the actual benefit which will accrue to the lots from the improvement. That may be quite true, and yet the assessment may have been lawfully and equitably laid. The propriety of the distribution of the assessment could only be tested by a comparison of all the assessments within the assessment area with the benefit to accrue to each lot.

[3] Even if the papers on appeal contained the necessary data to make such a comparison (which they do not), it would require a very strong case of an abuse of discretion or of manifest error to justify interference by the court. Matter of Mayor, etc., East 176th St., 85 App. Div. 347, 83 N. Y. Supp. 433; Matter of the City of New York, Clinton Avenue, 106 App. Div. 31, 94 N. Y. Supp. 146.

The order appealed from, in so far as it denies the motion for the confirmation of the report of the commissioner of assessment, must therefore be reversed, with $10 costs and disbursements, and the report confirmed. All concur.