### In re PLEASANT AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. June, 1914.)

MUNICIPAL CORPORATIONS (§ 472*)—PUBLIC IMPROVEMENTS—BENEFITS—ASSESSMENT.

    It is the duty of the commissioner of assessment to assess benefits for the improvement of a street in proportion to the amount of actual benefit which each parcel of land has received, and hence, where a street which was open at only one end was improved and opened at both ends, the assessment of greater benefits against an inside lot than against a corner lot, which, though more valuable, had access to other streets, cannot be held unjust; it being apparent that the improvement was of greater benefit to the inside property.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1120; Dec. Dig. § 472.*]

In the matter of the application of the City of New York relative to acquiring title to Pleasant Avenue from Gun Hill Road to East 219th Street. On motion to confirm the supplemental and amended final reports of the Commissioners of Estimate and the Commissioner of Assessment. Motion granted; objections of property owners being overruled.

---

Frank L. Polk, Corp. Counsel, of New York City (Joel J. Squier and John J. Kearney, both of New York City, of counsel), for the motion.
Lawrence E. French, of New York City, opposed.

GIEGERICH, J. Counsel for the owner of benefit No. 120 insists that because benefits Nos. 28 and 29, which are corner lots, are assessed less than the property of his client, which is an inside lot in a different block, the commissioner of assessment adopted an erroneous principle. It was the duty of the commissioner of assessment to assess the lands within the area of assessment in proportion to the amount of the actual benefit which each piece or parcel of land received from the improvement in question. Matter of City of N. Y. (225th St.) 150 App. Div. 223, 134 N. Y. Supp. 926. Although a corner lot is more valuable than an inside lot, it does not follow that the benefit derived by an inside lot is not greater than that which accrues to a corner lot. The benefit conferred must depend upon the circumstances of each individual lot, its location, and the extent of greater access afforded by the improvement being important elements which must be considered. The commissioner of assessment has reported that the assessments were levied in accordance with the benefit received, and after examination I am satisfied that such benefit is greater in the case of benefit No. 120 than in the case of benefits Nos. 28 and 29. Before the acquisition of title in this proceeding benefit No. 120 fronted on a cul-de-sac. Now, by reason of this proceeding, access is afforded to East 219th street, giving an outlet in both directions, instead of only one, as formerly. Moreover, the street is given an additional width of ten feet. The block within which benefits Nos. 28 and 29 are located was already open at both ends and the benefit derived is only that which results from the widening of the street.

The objections are therefore overruled, and the motion to confirm the supplemental and amended final reports of the commissioners of estimate and the commissioner of assessment is granted.