In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of West One Hundred and Eighty-fourth Street, etc., from Broadway to Unnamed Street, etc., and Opening and Extending Said Unnamed Street (Overlook Terrace) from West One Hundred and Eighty-fourth Street to Fort Washington Avenue, etc.

JAMES GORDON BENNETT, Appellant; CORNELIUS K. G. BILLINGS and Others, Respondents.

First Department, December 31, 1914.

**Municipal corporation — city of New York — street opening proceeding — amendment of proceeding prior to confirmation of report of commissioners of assessment — assessment of damages upon additional lands acquired.**

Pending the confirmation of the report of the board of estimate and apportionment of the city of New York as to the opening of two streets, the board ordered the acquisition of additional lands, thereby changing the lines of the streets as originally planned, and the proceedings were thus amended. In the meantime, the court had confirmed all the awards except as to three parcels, which are the ones directly affected by the change. By the same order the entire report as to the assessments for the benefit made by the commissioner of assessments was returned to him for reconsideration.

*Held,* that the proceeding was not divided into two parts, because of the reference back to the commissioners of the entire question of assessment

and the question of damages as to the three parcels necessitated solely by the change in the lines of the original streets;

That, therefore, the proceeding should not be treated as complete as to the rest of the property, limiting the damages to be distributed over the lands originally taken to the amount included in the original report, and throwing the entire expense due to the change upon the owners of the lands which were taken therefor, especially because the acquisition of the additional land benefited the entire tract assessed.

APPEAL by James Gordon Bennett from part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of June, 1913, sustaining objections to the confirmation of the supplemental and amended report as to assessments for benefit herein, and returning said report to the commissioner of assessment for revision and correction, in accordance with the opinion of the court.

*Robert W. Candler*, for the appellant.

*John J. Kearney*, for the City of New York.

*Tompkins McIlvaine*, for the respondents Libbey and another.

*James J. Dunn*, for the respondent Billings.

DOWLING, J.:

The proceeding was commenced for the opening of two streets, Overlook terrace and West One Hundred and Eighty-fourth street, from a point westerly of Fort Washington avenue, at about the location of West One Hundred and Ninety-fourth street (not open) to the intersection of the new West One Hundred and Eighty-fourth street and Broadway; the resultant thoroughfares forming a continuous line between the points indicated in the shape, generally speaking, of an elongated letter Z, the upper horizontal of this letter, with the long diagonal, forming what is now called Overlook terrace, while the lower horizontal is formed by West One Hundred and Eighty-fourth street.

The institution of the proceeding had been authorized by the board of estimate and apportionment on March 27, 1908, and the commissioners of estimate and assessment were appointed February 4, 1909. They entered upon the discharge

of their duties and duly proceeded therewith, and had completed their labors by the rendition and filing of their reports, both as to damage awards and assessments, which were submitted to the court for confirmation January 10, 1911. Meantime, and before the confirmation of the report, proceedings had been brought to acquire title to West One Hundred and Eighty-sixth street and West One Hundred and Eighty-seventh street, both of which connected with the proposed line of Overlook terrace as laid down on the maps in the present proceeding, and title to said streets vested in the city January 24, 1911, while the report in this proceeding was still awaiting confirmation. Thereafter, on January 26, 1911, and still before final action on the report, the board of estimate and apportionment ordered a change made in the lines of the proposed Overlook terrace as originally laid out, and in the land sought to be acquired in this proceeding, so as to shift said line further to the west, including the portion opposite the said two new streets, and also changing the angle at which Overlook terrace was originally planned to connect with West One Hundred and Eighty-fourth street into a curve. The change in the line thus made left West One Hundred and Eighty-sixth street and West One Hundred and Eighty-seventh street without any connection with the new line at Overlook terrace, and the only way to secure such connection was by a prolongation of the lines of said streets. Thereafter, on application duly made to the court, the present proceeding was amended so as to conform with the alterations in the street lines as established by the board of estimate and apportionment, and by an order of the court dated October 30, 1911, such amendment was directed, and the parcels of land in West One Hundred and Eighty-sixth street and West One Hundred and Eighty-seventh street, lying between the original and amended lines of Overlook terrace, were directed to be included in the present proceeding. Meantime, and on June 9, 1911, the court had confirmed all the awards which had been made by the commissioners of estimate except as to damage parcels No. 7, in West One Hundred and Eighty-fourth street, and No. 1 in Overlook terrace, belonging to James G. Bennett, and damage parcel No. 2 in Overlook terrace, belonging to the estate of

Benedict Fisher, deceased, these three parcels being the ones which were directly affected by the change in the line by the prolongation of the lines of West One Hundred and Eighty-sixth and West One Hundred and Eighty-seventh streets to reach the new line of Overlook terrace.  By the same order, the entire report as to assessments for the benefit made by the commissioner of assessment was returned to him for reconsideration in accordance with the resolution of the board of estimate and apportionment, passed March 9, 1911, which recited that due notice had been given that the board would consider a proposed area of assessment for the entire proceeding, and a hearing given thereon, and by which the area of assessment was specifically determined by said board.  The commissioners proceeded to award the damages which they deemed proper for the changes made under the aforesaid resolution of the board of assessment and apportionment, and to the amount of these awards there is no objection.  The commissioner of estimate proceeded to distribute the total amount to be raised for the improvement and for the costs thereof upon the property located within the limits fixed by the board of estimate and apportionment.  It is not claimed that he has in any way transcended those limits, but the respondents herein have objected to the distribution of the additional costs involved in the changes due to the prolongation of West One Hundred and Eighty-sixth and West One Hundred and Eighty-seventh streets, and to the change of the line where Overlook terrace enters West One Hundred and Eighty-fourth street, amounting to approximately $30,000, which cost has been distributed by the commissioner of assessment to the extent of some $17,000 on the property south of the line of West One Hundred and Eighty-ninth street, and $13,000 on the property north thereof.  The objectors contend that as the change in the lines was for the primary benefit of the property owners to the south, and was brought about through their activity and at their solicitation, the entire cost should be assessed upon the property south of West One Hundred and Eighty-ninth street, owned by James G. Bennett and the Fisher estate, who have received the additional awards for such changes.  The record of the proceeding before the board of estimate and apportionment does not dis-

close at whose instigation these changes were made, but we think that even if the two owners in question had urged them it would not affect the situation, for the controlling factor was the determination of the board of estimate and apportionment on behalf of the city of New York to change the lines in the manner and to the extent indicated. Nor do we believe that it is either legal or equitable to regard this proceeding as divided into two parts because of the reference back to the commissioners of the entire question of assessment, and of the question of damages as to these three parcels, necessitated solely by the change in the lines of the terrace and the street. The objectors would have the proceeding treated as complete as to the rest of the property, limiting the damages to be distributed over their lands to the amount included in the original report, and throwing the entire burden of the expense due to the change in the lines upon the owners of the lands which were taken therefor. We think this would work neither justice nor equity. The proceeding must be regarded as a whole. The original reference back of the damage award for the three parcels as to which confirmation of the award had not been made, was due solely to the necessity of giving their owners additional compensation for the land taken by reason of the change in the method of connecting the terrace and West One Hundred and Eighty-fourth street, and for the prolongation of West One Hundred and Eighty-sixth street and West One Hundred and Eighty-seventh street westwardly. The entire question of assessment was referred back to the commissioner to be determined by him after these awards had been made, for until it had been done he could not determine how much it was necessary to raise to defray the total cost of the proceeding. There was not a partial confirmation of the report of the commissioner of assessment, but the entire subject was left open for his further report. Viewing the completed proceeding as a whole, there can be no doubt that substantial benefit was conferred by it on the property owners to the north. All the objectors owned land included in the boundaries of the assessment area as fixed by the board of estimate and apportionment. When the changed line of Overlook terrace had been adopted the hiatus between the actual lines of West One Hundred and Eighty-sixth and

West One Hundred and Eighty-seventh streets and that changed line would have left the property owners to the north still compelled to travel with no present or assured line of access to Broadway, going southerly, except West One Hundred and Eighty-fourth street. The inclusion of the land necessary to extend the lines of the two streets to the terrace gave them two additional avenues of access to Broadway, and benefited the entire tract assessed. The objectors have not satisfactorily established that the commissioner of assessment has adopted any improper rule in levying the assessment, nor that the result reached by him is so unjust, inadequate or inequitable as to justify the interposition of the court. The commissioner of assessment had no authority to reduce the amount to be assessed, or to increase or reduce the area of assessment. He was bound to assume that the owner of every separate parcel of property within the assessment area derived some benefit from the improvement, for the board of estimate and apportionment had so determined, and the commissioner was without authority to modify such determination. (*Matter of City of New York* (*225th Street*), 150 App. Div. 223.) His report shows that he had complied in all respects with the requirements of law, and we are unable to find in the results reached by him anything which calls for our intervention. The order appealed from, in so far as it sustains the objections of Jonas M. Libbey, C. K. G. Billings and the Bedford Estates, Inc., to the confirmation of the supplemental and amended report as to assessments for benefit, and returns the said report to the commissioner of assessment for revision and correction, in accordance with the opinion of the court below, will be reversed, with ten dollars costs and disbursements, and the motion for confirmation of the supplemental and amended report as to assessments for benefit will be granted and said report confirmed.

INGRAHAM, P. J., MCLAUGHLIN, LAUGHLIN and HOTCHKISS, JJ., concurred.

Order reversed to extent indicated in opinion, with ten dollars costs and disbursements, and motion granted as stated in opinion. Order to be settled on notice.