In the Matter of the Application of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Lands for the Opening of Juniper Avenue in the Borough of Queens.

BROOKLYN HEIGHTS RAILROAD COMPANY et al., Respondents.

**Appeal — appeal from unanimous order of affirmance bringing up for review intermediate order of reversal presents question whether intermediate order may be sustained — assessment — whether land has been benefited by improvements ordinarily a question of fact — when land used for railroad yards properly assessed in street opening proceeding.**

1. Where the Appellate Division reversed an order of Special Term confirming a report of commissioners of estimate and assessment in street opening proceedings and the commissioners again heard evidence, considered the matter and made a new report in the form required of them and an order confirming the second report was unanimously affirmed by the Appellate Division, an appeal to this court from such final order and also from the intermediate order of the Appellate Division properly presents the question whether the reversal of the first order may be sustained.

2. Whether or not a particular parcel of land has been benefited by a particular improvement is ordinarily a question of fact. The test is not whether as now used by its present owner any advantage is received but whether its general value has been enhanced, and unless it can be said as a matter of law that the improvement may not by any possibility increase the value of the property, the extent of the benefit is for the determination of the commissioners.

3. Land used for railroad yards, upon which no buildings have been erected and which is covered by numerous tracks upon which cars are stored when not in use, but which is not devoted as a permanency to railroad uses, is not devoted to a public use of such a character that it can be said as matter of law that no benefit could possibly be acquired by the opening of a street in the neighborhood and a reversal by the Appellate Division, as matter of law, of an order of Special Term confirming a report of commissioners of estimate and assessment assessing the land in question, upon the theory that this property being devoted to a public use no possible benefit could have accrued to it, was erroneous.

*Matter of City of New York (Juniper Ave.)*, 193 App. Div. 907, reversed.

(Argued April 19, 1922; decided May 31, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 27, 1920, which unanimously affirmed an order of Special Term confirming a report of commissioners of estimate and assessment in street opening proceedings.

*John P. O'Brien,* Corporation Counsel (*Joel J. Squier* and *William B. R. Faber* of counsel), for appellant. Land owned by a railroad corporation, not part of its right of way, but used for its corporate purposes, may under the New York charter be assessed for opening a street. Only the right of way is exempt from assessment and that only because not benefited. (*T. & L. R. R. Co.* v. *Kane,* 9 Hun, 506; 72 N. Y. 614; *N. Y., L. E. & W. R. R. Co.* v. *City of Dunkirk,* 65 Hun, 494; 143 N. Y. 659; *Smith* v. *City of Buffalo,* 159 N. Y. 427; *City of Schenectady* v. *Trustees of Union College,* 144 N. Y. 241; *N. Y.,*

*N. H. & H. R. R. Co.* v. *Vil. of Port Chester*, 149 App. Div. 893; *People ex rel. N. Y., W. & B. R. R. Co.* v. *Waldorf*, 168 App. Div. 473; *N. Y., W. & B. Ry. Co.* v. *City of New Rochelle*, 170 App. Div. 915; *Matter of City of New York*, 180 App. Div. 430; *Matter of City of New York*, 181 App. Div. 954; *Matter of William & Anthony Streets*, 19 Wend. 678.) Parcel benefit No. 260, notwithstanding the fact that it was owned by a railroad company and was used as part of a railroad yard, was properly assessed in the sum of $3,953.66 in the first report of the commissioners of estimate and assessment, dated May 27, 1915, and the Appellate Division erred in striking out said assessment. The supplemental and additional report, dated April 22, 1918, which contains no assessment whatever against parcel benefit No. 260, is erroneous, and the order of the Special Term confirming the same, and the order of the Appellate Division affirming the Special Term order are also erroneous. (*Matter of Baldwin Street*, 169 App. Div. 128; *Hassan* v. *City of Rochester*, 67 N. Y. 528; *Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455; *Matter of Comrs. of Central Park*, 4 Lans. 467.)

*Benjamin Trapnell* for Thaddeus Firth et al., *amici curiæ.* The location, quality and utility of benefit parcel No. 260 are such that, independent of questions arising out of its present use, it must be held to be benefited by the opening of Juniper avenue. (*County of Monroe* v. *City of Rochester*, 154 N. Y. 570; *Hassan* v. *City of Rochester*, 67 N. Y. 528.)

*Trabue Carswell* and *George D. Yeomans* for respondents. The property of respondents designated as benefit parcel No. 260 is devoted to the public use. (*Matter of N. Y. & H. R. R. R. Co.* v. *Kip*, 46 N. Y. 546; *Matter of City of New York* [*Saratoga Ave.*], 226 N. Y. 128.) Because of the public use to which benefit parcel No. 260 is devoted by respondents, it could receive no benefit from the

opening of Juniper avenue. (*Matter of Anthony Avenue,* 46 Misc. Rep. 525; 124 App. Div. 940; 196 N. Y. 513; *Matter of East 136th Street,* 127 App. Div. 672; *Matter of City of New York* [*Pugsley Avenue*], 218 N. Y. 234; *People ex rel. Klein* v. *Desmond,* 186 N. Y. 232; *People ex rel. Parker* v. *Jefferson County Court,* 55 N. Y. 604.) Benefit parcel No. 260 not having been benefited by the opening of Juniper avenue because of the public use to which it was devoted, could not be assessed for benefit by the commissioners under the provisions of the Greater New York charter. (*Nehasane Park Assn.* v. *Lloyd,* 167 N. Y. 431; *Stebbins* v. *Kay,* 123 N. Y. 31; 4 Dillon, Mun. Corp. [5th ed.] § 1377; 2 Elliot, Roads & Streets [3d ed.], § 664; *People ex rel. Davidson* v. *Gilon,* 126 N. Y. 147; *N. Y., W. & B. Ry. Co.* v. *City of New Rochelle,* 170 App. Div. 915; *N. Y. & H. R. R. Co.* v. *Village of Port Chester,* 149 App. Div. 893; 210 N. Y. 600; *Matter of City of New York* [*East 136th Street*], 127 App. Div. 672; *People ex rel. N. Y., W. & B. R. R. Co.* v. *Waldorf,* 168 App. Div. 476; *Appeal by Milbrook Co.,* 217 N. Y. 96; *Matter of City of New York* [*Blondale Avenue*], 180 App. Div. 430; *Matter of City of New York* [*Juniper Avenue*], 177 App. Div. 934; 193 App. Div. 907; *Matter of City of New York* [*Public Playground*], 181 App. Div. 954.)  In canceling the assessment the Appellate Division unanimously decided a question of fact as to the possible benefit to respondent's property, and not merely a question of law, which decision should not be reviewed by this court. (Civ. Pr. Act, § 589, subds. 2, 3; *People ex rel. Manhattan R. Co.* v. *Barker,* 152 N. Y. 417; *Kennedy* v. *Mineola, H. & F. Traction Co.,* 178 N. Y. 508; *Tyndall* v. *N. Y. Central & H. R. R. R. Co.,* 213 N. Y. 691; *Matter of Grant Ave.,* 175 N. Y. 509.)

ANDREWS, J.  A number of years ago the Brooklyn City Railroad Company acquired by purchase a tract of land in the borough of Queens abutting upon its right

of way.   This land it subsequently leased to the Brook-
lyn Heights Railroad Company in whose possession it
now is.   No buildings have been erected but it is sur-
rounded by a high fence and is covered by numerous
railroad tracks.   Upon these tracks the lessee stores its
cars when not in use and it or some similar parcel is
essential for the proper and convenient operation of the
railroad.

In 1905 the city of New York instituted proceedings
for the opening of a street called Juniper avenue.   Com-
missioners were duly appointed to appraise the damages
resulting and to assess the benefits.   The commissioners
later made a report assessing the land in question for
$3,953.   Their report constituted a finding of fact that
this particular parcel was benefited to that extent.
The report was confirmed by the Special Term but on
appeal to the Appellate Division the resulting order was
reversed as a matter of law upon the theory that this
property being devoted by the railroad company to a
public use no possible benefit could have accrued to it
because of the opening of a street in the neighborhood.
That court, therefore, returned the report to the com-
missioners, with instructions to strike out the assessment
and redistribute the amount thereof upon other property
within the area benefited.   The commissioners again
heard evidence, considered the matter and finally in
obedience to these instructions made a new report in
the form required of them.   An order confirming this
second report was made and unanimously affirmed by
the Appellate Division.   Then an appeal was taken to
this court from such final order and also from the inter-
mediate order of the Appellate Division reversing the
original report of the commissioners.   As the action of
the commissioners involved a finding of fact that no
benefits were received and this finding has been unani-
mously approved, we might not review the last order
appealed from were it not for the fact that we are also

reviewing the first order. The question is, therefore, properly before us whether the reversal of the first order may be sustained.

Whether or not a particular parcel of land has been benefited by a particular improvement is ordinarily a question of fact. The test is not whether as now used by its present owner any advantage is received but whether its general value has been enhanced. It is immaterial whether land is owned by a railroad company or by a church or by an individual unless we can say as a matter of law that the improvement may not by any possibility increase the value of the property. If we cannot, the extent of the benefit is for the determination of the commissioners. They may consider all the circumstances. A certain parcel may be held under such a restricted title as to enjoyment or alienation that a local improvement is of less advantage to it than to another parcel of equal size owned in fee simple absolute. (*Owners of Ground, etc.,* v. *Mayor, etc., of Albany,* 15 Wend. 374; *Matter of Mayor, etc., of N. Y.,* 11 Johns. 77; *People ex rel. Howlett* v. *Mayor, etc., of Syracuse,* 63 N. Y. 291.) But in one case, and one only we have said that the opening or widening of a street cannot as a matter of law be of benefit — where a railroad occupies a strip of land for its right of way. (*N. Y., N. H. & H. R. R. Co.* v. *Vil. of Port Chester,* 149 App. Div. 893; affd., 210 N. Y. 600.) Such land is used permanently by the railroad corporation in its operation. As a practical matter it may not be severed from other property and sold. It is a highway devoted to public travel. (*Allegheny City* v. *W. P. R. R. Co.,* 138 Penn. St. 375.) Not because the owner is a railroad corporation was the rule adopted; not because the land is devoted to a public use, but because the public use to which it is devoted is in all probability permanent and is inconsistent with the idea of any benefit from such an improvement as we are here considering. Even so used other

improvements might be of advantage to the right of way. It has been said that an assessment for a sewer might properly be imposed upon it. (*Troy & Lansingburgh R. R. Co.* v. *Kane*, 9 Hun, 506; affd., on other grounds, 72 N. Y. 614.) However this may be, we are here dealing with a different question. The land in dispute is used to-day for railroad yards. This use it is true is a public one. The property doubtless might not be condemned for other purposes without express authority conferred by the legislature (*Matter of City of New York*, 226 N. Y. 128), but the use is not of such a character that we can say as a matter of law no benefit could possibly be acquired by the opening of Juniper avenue. A mere glance at the map shows that as a result it may fairly be inferred that its market value will be increased. The land is not devoted as a permanency to railroad uses. To-morrow it may be sold and its present owners obtain the benefit of the advance. This being so we think that the result reached in the Appellate Division was erroneous. (*Mt. Pleasant Borough* v. *B. & O. R. R. Co.*, 138 Penn. St. 365; *L. & N. R. R. Co.* v. *Barber A. P. Co.*, 197 U. S. 430.)

The orders of the Appellate Division and that of the Special Term must be reversed and the matter remitted to the commissioners for further consideration in accordance with this opinion, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur.

Orders reversed, etc.