In the Matter of the Assessment of Water Tax in WATER DISTRICT NUMBER THREE OF THE TOWN OF NISKAYUNA, SCHENECTADY COUNTY, NEW YORK.

MICHAEL C. FITZGERALD and Others, Appellants; BOARD OF WATER COMMISSIONERS, WATER DISTRICT No. 3, TOWN OF NISKAYUNA, SCHENECTADY COUNTY, NEW YORK, Respondent.

Third Department, May 12, 1932.

*Richmond D. Moct*, for the appellants.

*Roy W. Peters*, for the respondent.

RHODES, J. Water district No. 3 of the town of Niskayuna was established by the town board pursuant to the provisions of article 13 of the Town Law. Section 290-a thereof provides that a petition requesting the establishment of such district " may contain a statement that the cost of construction of the water system * * * therein described * * * shall be assessed from year to year by the water commissioners of the water district * * * in proportion as nearly as may be to the benefit which each lot or parcel will derive therefrom." Said section also provides that if the petition contains such statement, then the amount to be raised for the payment of principal and interest on the bonds

issued for the construction of the water system shall not be apportioned in accordance with the provisions of section 289 and section 291 of said article, but shall be assessed on the lands within such district in the manner provided by sections 237, 238, 239, 240 and 241 relating to local assessments for the construction of sewers. The original petition herein contained such a statement; thus, under the law, the amount of principal and interest is required to be apportioned and assessed " in proportion as nearly as may be to the benefit which each lot or parcel will derive therefrom." (§ 237.) In the absence of such a statement in the petition, the method of apportioning and assessing the amount to be raised for principal and interest is that " the valuation of the real property lying within such water district   *   *   *   shall be the valuation on which the water commissioners of the water district shall levy the water tax." (§ 290.)

On July 31, 1929, the secretary of the water board notified the town board that at a regular meeting of the water commissioners the following budget was approved:

| | | |
|---|---:|---:|
| " Interest on bonds | $7,315 | 00 |
| General expenses: Salaries, pump house employees, 1929 and 1930 | 1,550 | 00 |
| Salaries, commissioners | 1,000 | 00 |
| Insurance | 75 | 00 |
| Commissioners' bonds | 15 | 00 |
| Heat, light and power, 1929 and 1930 | 3,000 | 00 |
| General maintenance | 500 | 00 |
| Postage, stationery and printing | 70 | 00 |
| | $13,525 | 00 " |

By written notice dated August 29, 1929, the town clerk notified the board of water commissioners that at a meeting of the town board held on said 29th day of August, 1929, the town board approved the amount of $13,525 as the amount due for interest on bonds and other general expenses as outlined in said budget, the notice then stating: " You are to proceed forthwith to assess such amount on lands within such Water Dist. No. 3   *   *   *   in proportion, as nearly as may be, to the benefit which each lot or parcel will derive therefrom."

The statement of facts printed in the record sets forth that certain affidavits were read by the respondent on the argument of the appeal before the County Court, to which affidavits appellants objected as not properly before the court, and on the ground that the return made by the town clerk could not be supplemented on

appeal by affidavit. The affidavits do not appear in the record and many of the facts relating to the nature of the properties within the water district, the valuation thereof, the frontages and the method of determining the apportionment, are not set forth.

Appellants object to the assessment on three grounds which will be separately discussed in order inverse to that in which they appear in the brief.

They assert that they are not assessable in any event because they derive no benefit from the water system, having an adequate water supply of their own. The appellants did not sign the petition for the establishment of the water district. The town board having established the district embracing the property of the appellants, has determined that benefits accrue to the appellants. The determination of such question is ordinarily one of fact. That the appellants have an adequate water supply of their own does not necessarily establish that no benefits accrue to them from the establishment of the water district. The matter of additional fire protection from the water district is but one of many facts showing benefits derived. (See *Matter of Syracuse, Binghamton & New York R. R. Co. v. Van Amburgh*, 223 App. Div. 485; affd., on opinion below, 251 N. Y. 548; *People ex rel. Zerega v. Markvart*, 230 App. Div. 767; *Matter of City of New York [Juniper Ave.]*, 233 N. Y. 387; *Hassan v. City of Rochester*, 67 id. 529; 65 id. 516; *Matter of City of New York [225th St.]*, 150 App. Div. 223.)

Appellants also object to the assessment in proportion to foot frontage, and assert that this has resulted in injustice to them and that this method has no relation to the relative benefit derived by the various properties in the district. It is not disputed that such is the rule adopted in making the assessment.

By section 290-a of the law which requires the assessment to be made in proportion to benefits, a wider discretion is permitted the assessing officials as to the method of the apportionment. Instead of being limited to making the apportionment according to the valuation of the properties, the officials are permitted and required to adopt the particular method which, in their judgment, will distribute the amount to be raised in proportion, as nearly as may be, to the benefit which each lot or parcel will derive therefrom.

We do not now decide whether or not the front foot rule adopted by the assessors was proper under the circumstances for the reason that we are unable to determine from the facts in the record whether or not the assessment equitably apportions the benefits. (See *Matter of New York City [225th St.]*, 150 App. Div. 223.)

The third point raised by appellants is vital and insurmountable. They object that the assessments are excessive and illegal in that they include not only the sum of $7,315 for interest on bonds, but additional sums for other expenses, as shown by the budget above referred to, amounting to $6,210. It will be noted that said section 290-a provides that the assessment shall be made in the manner outlined for construction of sewers, and relates only to the " amount to be raised for the payment of the principal and interest of the bonds issued for the construction of the water system." It is true that section 343 relative to the expense for the maintenance of sewers, provides that the cost of such maintenance shall be a charge upon the sewer district. No such provision is found relative to the maintenance of the water system. The only provision relative to maintenance apparently is section 296-a, but that section is not broad enough to provide for raising money for repairs. It provides, among other things, that the Board shall keep the system in repair and may from time to time extend the mains or distributing pipes within the district or improve or perfect or extend the system, providing that the expense thereof to be raised by taxation shall not in any one year exceed one percentum of the total assessed valuation of the district. The same section authorizes the town board, upon the request of the board of water commissioners, to borrow money by certificates of indebtedness for the purpose of defraying the cost of " improving or extending the water system in the manner above provided." It makes no provision for raising money to keep the system in repair, and no provision is made anywhere in the statute for the raising of money therefor other than by the establishment of water rents. Section 293 provides that the board of water commissioners shall establish a scale of rents for the use of water, to be paid at such times as the board may prescribe. There is nothing in the statute limiting the right of the board to include the cost of maintenance in the amount to be collected as water rents, and this seems to be the proper method. It appears that water for this district is purchased from the city of Schenectady, but this fact does not prevent the inclusion of other expenses of maintenance in the charge for water rents.

It appearing by the sections above referred to that interest and principal upon the bonds, for the construction of the system, are the only items properly assessable against the properties within the district according to benefits derived, the assessment in so far as it includes items in the budget amounting to $6,210, for expenses other than interest on bonds, is unauthorized and illegal.

The assessment is, therefore, void, and for this reason the order

appealed from should be reversed, the assessment set aside and the matter remitted for the purpose of a reapportionment by the water commissioners as provided by section 240. The reapportionment is to be for the interest on bonds only, amounting to $7,315; the balance of the sum contained in said budget for other expenses, amounting to $6,210, should be omitted from said reapportionment.

The order appealed from should be reversed on the law and the facts, with costs to appellant.

All concur; McNAMEE, J., with a memorandum.

McNAMEE, J. I concur for reversal. I believe the apportionment to be erroneous, unequal and inequitable, and, for those reasons, that a reapportionment should be made by commissioners to be appointed by the court pursuant to sections 239 and 240 of the Town Law.

Order reversed on the law and the facts, with costs, and matter remitted with directions to proceed in accordance with opinion.