In the Matter of the Appeal of CHARLES SEYFANG and Others, Appellants, from the Assessment and Apportionment of JOHN B. REISTER and Others, Acting as the Board of Water Commissioners, Water District No. 1, Town of Clarence, N. Y., Respondents.

County Court, Erie County, January 21, 1935.

*David S. Jackson* and *William Brennan, Jr.,* for the appellants.

*Milton E. Kaeselau,* for the respondents.

ROWE, J.  This is an appeal from the apportionment of an assessment made for the year 1934 by the water commissioners of Water District No. 1 in the town of Clarence, county of Erie.  The appellants are the owners of property in said district against which the assessment has been made.

The water district was created pursuant to the provisions of sections 282 and following of the Town Law (Laws of 1909, chap. 63).  The water system was completed in 1929.  Some of the property in the district fronts upon the water mains, but much of the property does not front upon any main and has no reasonable access to the water mains or actual use of the water.

The appellants, among other things, claim that the apportionment as made did not follow the provisions of the statute; that it is erroneous, unequal and inequitable; that the apportionment of the cost of construction, represented by the principal and interest of the bonds, was not in proportion to the benefit which their land will derive therefrom, and that the apportionment of the remaining expenditures was improper.  A contract was entered into by the commissioners with the Western New York Water Company whereby the water district obligated itself to purchase water from the water company amounting to at least $6,500 annually, an amount far in excess of the then and present needs of the district.

The amount fixed by the commissioners as necessary for the year 1934 is $25,789.20.  Of this $17,792.50 is for principal and interest upon the bonds.  The balance is in a budget of $8,207.50 and is made up of $5,500 for water deficiency, $1,500 for miscellaneous expenses, such as making connections, water lines, repairs, hydrants, legal expenses, services, etc., and $1,207.50 for "Contingency Item."

In making the apportionment the commissioners apportioned forty per cent of the amount to be raised for principal and interest on bonds against the property fronting on the water lines, at the rate of thirteen cents per foot.  The balance of the principal and interest of the bonds was apportioned against all the property in the district upon an acreage basis at two dollars and sixty-five cents per acre.  The remaining $8,207.50, to which we have referred, was apportioned against all the property in the district upon an acreage basis at two dollars per acre.

By stipulation of the parties there has been removed from the questions to be determined by this court the question concerning

the legality of the contract between the Western New York Water Company and the water district. The water company is not a party to this proceeding, and if any attack is to be made upon the validity of that contract it will have to be made in another tribunal. Any finding or determination in this proceeding is necessarily based upon the relationship existing between the parties to this proceeding. However, having in mind the very small number of water users who were to be accommodated and the relatively large amount of water contracted for, the contract on its face appears to be inequitable and unwise. It would seem that more favorable terms should have been secured.

Upon the wisdom of creating the water district this court cannot and does not pass. In the light of subsequent events we now know that it would have been much better if the water district had never been created and the water system had never been constructed. But that fact may not have been so apparent in 1928 when many owners in the district may have been carried away by the feeling that their land, then suitable only for agricultural purposes, would very soon consist of desirable subdivision lots. Certainly the expenditure could not possibly have been justified upon the theory that the assessed value of the real property in the district was a fair estimate of its real value at that time. For it appears that it was planned to construct a water system costing $375,000 (later reduced to $210,000) in a district where the total assessed value of all its property did not exceed $900,000. The result is that the water district is now confronted with a very burdensome annual tax, an expenditure for the year 1934 alone of $25,798.20, with property having an assessed valuation of only $1,000,000 liable for the expenditure.

The appellants claim, *first*, that by reason of certain legal defects the water district was never validly created and that the tax is illegal. If this claim were sustained, the cost of the water district would have to be paid by all the taxpayers of the town of Clarence, whether included in the water district or not. Upon this question I find that the objections of the appellants cannot be sustained. No steps were taken by them to review the finding of the town board by certiorari and they have permitted four years to elapse during which they paid the taxes without protest. The failure to construct the water system as indicated upon the original plans did not affect the validity of the creation of the water district. The construction would necessarily have to take place after the district was created and the subsequent failure to construct could not invalidate a legally created district. The same may be said of the failure to obtain the consent of the Water Power and Control

Commission to the operation of the system. Furthermore, any failure on the part of the water district to obtain approval of the Commission is a matter between the water district and the Commission and cannot be raised by the appellants in this proceeding. If there has been any failure on the part of the commissioners of the water district to perform any acts legally required of them, appellants must proceed against them by mandamus and not by this proceeding.

Appellants also claim that they should be relieved of liability for any tax because, as they claim, they have received no benefit from the improvement. In reference to this claim, I must, in view of the decisions of the higher courts, hold that all the land in the water district can be considered as having been to some extent benefited by the improvement.

It cannot be denied that the tax is a great burden upon all the property in the water district. But from that burden the owners cannot now be relieved. The water system has been constructed. The bonds have been issued and will have to be paid. No matter what method is devised to spread the tax or how fairly it may be apportioned, the tax will still be oppressive. Under the statute and petition in this case the cost must be assessed from year to year in proportion as nearly as may be to the benefit which each lot or parcel will derive from the system. The assessment here for review did not comply with this requirement of the statute. The total amount necessary to be raised for the year in question for all the purposes of the water district was $25,798.20. Of this $7,139.36 was assessed on a frontage basis against the 54,918 feet of land fronting on the water mains. The balance was assessed equally on an acreage basis against all the land in the water district, whether fronting on the water mains or not and regardless of the distance from the water mains. Some of this land was one and one-fifth miles from the nearest water main and water could not be brought to it, except at a cost of several thousand dollars. This land was assessed the same amount per acre as land fronting on the water mains or land but a few feet away from the nearest water main. It is clear from the physical situation that the benefit which each parcel of land derives from the water system decreases as the distance between the parcel and the water line increases. This applies as well to the rear portions of the land fronting on the water mains as to the land not fronting upon the water mains. The apportionment as made by the commissioners was erroneous, unequal and inequitable and must, therefore, be reversed and a new apportionment made by commissioners to be appointed as provided in section 239 of the Town Law (Laws of 1909, chap. 63) which

was in force at the time that this appeal was taken and which is still applicable to this proceeding. (General Construction Law, § 94.) While there is no proof concerning what the proportion of benefit is to the respective parcels, it does appear from the physical facts and from the proof in the record that the water district should be divided into zones and that the further away the land is from the water mains the correspondingly less should be its rate of assessment. What these zones should be and what the rates for property in the respective zones should be, whether any portion should be assessed upon a frontage basis against the frontage on the water mains, and if so, what percentage should be so assessed, are all questions which will have to be determined by the commissioners to be appointed by this court. In order to properly perform their duties they should be permitted to obtain expert assistance so that the new apportionment will be made according to a well-considered rule of assessment free as near as may be from inequalities and inequities.

The cost of maintenance is not a charge properly assessable against the property within the district. (*Matter of Water Tax, etc., Town of Niskayuna*, 235 App. Div. 566.)

But this does not include the compensation of the commissioners. (*Matter of Water Tax, Town of Niskayuna*, 236 App. Div. 294.)

The items making up the contingency item of $1,207.50 and the miscellaneous expenses of $1,500 should, therefore, be detailed so that a proper charge can be made. With the exception of the compensation of the commissioners these amounts should be collected from the water rates. In connection with the collection of the water rates, it appears that it has been the practice not to shut off the water of users who did not pay their water bills. The amount of the bill was added to their regular tax bill and upon their default was, therefore, collected by the water district from the county of Erie. While the Court of Appeals has held that under the law the county must pay the uncollected taxes of the towns and districts, nevertheless we believe that the commissioners should consider it right and proper to turn off the water of users who do not pay their water bills.

The amount of the water deficiency as required by section 286-a of the Town Law (Laws of 1909, chap. 63) and the compensation of the commissioners should be levied against the property in the water district and collected in the same manner as provided in section 289 of the Town Law (Laws of 1909, chap. 63). This must be according to assessed valuation. (*Matter of Water Tax, Town of Niskayuna*, 236 App. Div. 295.)

An order may be submitted accordingly.