# WALTER B. MILLER *vs.* COUNTY COMMISSIONERS OF WICOMICO COUNTY.

*Constitutional Law—Taxation of Mortgages in Certain Counties— Special Laws—Title of Statute.*

The Legislature has the power to create separate taxing districts within the State, and if the taxes levied are uniform within a district, there is no violation of Declaration of Rights, Art. 15, which provides for uniformity of taxation.

The Act of 1906, chap. 794, provided that holders of mortgages on prop-erty in certain designated counties of the State should pay a tax of eight per cent on the amount of interest payable on such mortgages annually. *Held*, that this Act is not in violation of the constitutional provision re-lating to uniformity of taxes, (Declaration of Rights, Art. 15), since it merely constitutes the designated counties a taxing district for local purposes, and directed that the taxes so collected should be applied solely for county purposes.

The Act of 1906, chap. 794, provided for the taxation of mortgages in certain counties when there was no general law in force making mort-gages liable for taxation. *Held* that the Act is not in conflict with the Constitution, Art. 3, sec. 33, which prohibits the General Assembly from passing a special law in any case for which provision is made by an existing general law. .

The title of the Act of 1906, chap. 794, is "an Act to repeal sec. 183, Article 81, Code of Public General Laws of Maryland, title, Revenue and Taxes, sub-title, Tax on Mortgages, and to re-enact the same with amendments." *Held*, that this act is not in conflict with Constitution, Art. 3, sec. 29, which prescribes that the subject of every law shall be expressed in its title.

*Decided March 5th, 1908.*

Appeal from the Circuit Court for Wicomico County (HOLLAND, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Robert P. Graham*, for the appellant.

*Joseph L. Bailey*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit at law brought by the appellee, the County Commissioners of Wicomico County against the appellant, a resident of Wicomico County, for the purpose of recovering eight per cent upon the gross amount of interest covenated to be paid in certain mortgages of record in that county and held by the appellant upon real estate situate in Wicomico County.

The Act, under and by which the tax in this case is sought

to be recovered, is ch. 794, of the Acts of 1906, entitled "An Act to repeal sec. 183, of Art. 81, Code of Public General Laws of Maryland, (1904), title "Revenue and Taxes," subtitle "Tax on Mortgages," and to re-enact the same with amendments."

The Act provides that all mortgagees or assignees holding mortgages of record in Worcester, Wicomico (and certain other counties named in the Act) shall annually pay a tax of eight per centum upon the gross amount of interest covenanted to be paid each year to said mortgagee or his assigns by the mortgagor, to be collected by the proper authorities as other taxes for county purposes in said several above specially enumerated counties are collected. All of such taxes collected in said several counties shall be applied exclusively therein to county purposes, free, clear, and discharged from any claim of the State or its fiscal officers; and the tax hereby levied shall in each year be due and payable in that one of the above named counties in which the mortgage is recorded, and if any mortgage is recorded in two or more of said above named counties the tax hereby levied shall each year be paid to the county where the greater portion of the property covered by the mortgage is located. And it was specifically provided, that the Act should only apply to the counties mentioned therein, and not to Baltimore City.

The declaration contains nine counts. Seven of them are the usual counts in assumpsit. The eighth and ninth are special counts and are as follows:

(8). And for taxes, with due interest thereon, upon the interest covenanted to be paid each year to the defendant upon mortgages of record in Wicomico County, held by the defendant.

(9). And for taxes, with due interest thereon, upon the interest covenanted, to be paid each year to the defendant upon mortgages of record in Wicomico County, while held by the defendant.

The defendant filed the usual pleas of "never indebted"

and "never promised" as alleged, to the first seven counts, and demurred to the eighth and ninth counts of the declaration. The demurrer to these counts was overruled and thereupon the defendant, for pleas.to these counts, interposed the same pleas as to the other counts of the declaration.

The case was submitted to the Court upon an agreed statement of facts, and from a judgment in favor of the plaintiff, the defendant has appealed.

The principal question presented on the appeal is the constitutionality of the Act of 1906, ch. 794, imposing the tax in question and this is clearly raised, both by the ruling of the Court upon the defendants demurrer to the plaintiff's declaration and to its action in rejecting the defendant's prayers offered at the close of the case.

The objection to the Act in question is that it violates Art. 15 of the Bill of Rights, which provides for equality of taxation and secondly, that it is in contravention with sec. 33 of Art. 3 of the Constitution, which declares, that the General Assembly shall pass no special law for any case for which provision has been made by an existing general law.

Now, it will be seen by sec. 51, of Art. 3 of the Constitution, amended by the Act of 1890, ch. 426, "that the General Assembly may by law provide for the taxation of mortgages upon property in this State and the debts secured thereby in the county or city where such property is situated." By the Act of 1896, ch. 120, sec. 146A, the Legislature imposed an annual tax of eight per centum upon the gross amount of interest covenanted to be paid each year to the mortgagee or his assigns by the mortgagor upon all mortgagees or assignees holding mortgages of record in this State, to be collected as other taxes for State, county and city purposes. This Act was before this Court, in the cases of *Faust* v. *Building Association*, 84 Md. 190; and in *Allen* v. *The Nat. Bank of Camden*, 92 Md. 509, where it is held, that the tax imposed by the Act, is valid, and free from all constitutional objection. And it was further said, except in cases restricted by the Bill of Rights and the Constitution, the Legislature has the abso-

lute power of taxation over all the property within the State.

There is but little difference between the Act of 1896 and the Act of 1906, the one now under consideration, except the latter is made to apply to certain counties of the State instead of to the whole State, and the counties where the mortgage is recorded receives the entire tax imposed and the State no part of it.

There can be no question as to the power of the Legislature to create separate taxing districts within a county or city, provided the rate of assessment and taxation be made equal and uniform as to all property within the taxing district.

In *Daly* v. *Morgan*, 69 Md. 468, it is said a tax levied for public purposes, whether levied by the State, county, or city authorities must be equal and uniform throughout the State, county, city or *taxing district,* to which it applies.   The same power which authorizes the Legislature to make one taxing district of an entire city, equally authorizes it to make two or more taxing districts, if in its judgment the public interest require it.   The responsibility for establishing such taxing districts rests upon the law-making power and the principle of equality is fully gratified by making local taxation equal and uniform as to all property within the limits of the taxing district.   Each city, county or taxing district may have its own rate of taxation.   It may be one rate in one city, county or taxing district and a higher or less rate in another, and such inequality has never been held or even supposed to be in conflict with the Fifteenth Article of the Bill of Rights.

The Act of 1906 simply constituted Wicomico County and the other counties named in the Act, a taxing district for local purposes, and the taxes when collected shall be applied solely for county purposes   The appellant is a resident of Wicomico County and the mortgages held by him are recorded in that county.

In *Norris* v. *Waco*, 57 Texas, 635, it is held that taxes are equal and uniform when no person or class of persons in the taxing district, whether a State, county or other municipal corporation is taxed at a different rate than are the other per-

sons in the same district upon the same value or the same thing and when the objects of taxation are the same by whomsoever owned.   And in *East Portland* v. *Multuomak*, 6 Oregon, 62, the Court said:   If the rule of apportionment is uniform throughout the taxing district, the constitutional provision is not violated.

We find nothing therefore in the Act of 1906 in conflict with either the spirit or the letter of our Bill of Rights here referred to.

The constitutional provision that the General Assembly shall pass no special law for any case for which provision has been made by an existing general law (Art. 3, sec. 33) can have no application to this case.

There is no general law now existing providing for the taxation of mortgages in Wicomico County.   The Act of 1904, chap. 405, repealed certain sections of Article 81, of the Code of Public General Laws, as applicable to the entire State and left them in force as to several counties of the State including Wicomico County.   The taxes to be collected in the counties subject to this Act were to be applied exclusively in the counties in which they are collected to county purposes, free, clear and discharged from any claim of the State.   The Act of 1906, chap. 794, is in effect a local law operating solely in the counties mentioned therein.   In *State* v. *County Commissioners*, 29 Md. 520, this Court said: "Local laws of the class to which the Act under consideration belongs are distinguished from public general laws only in this, that they are confined in their operation to certain prescribed or territorial limits."

The case of *Baltimore City* v. *Allegany County*, 99 Md. 12, relied upon by the appellant, presented an entirely different proposition of law.   In that case the Act under consideration applied to every county in the State.   Although professing to be a local law for Allegany County it was not confined in its operation to the limits of that county, or to any certain prescribed or territorial limits.

The Act of 1906, here in question, does not operate beyond

the territory or limits to which it purports to be confined, but clearly applies to the counties mentioned in the Act.

The objection to the Act, for want of a proper title cannot be sustained. The title of the Act is an Act to repeal section 183, of Article 81, Code of Public General Laws of Maryland, 1904, title "Revenue and Taxes," sub-title, "Tax on Mortgages," and to re-enact the same with amendments. It will be seen upon examination that section 183 of Article 81, of the Code, is a codification of the previous Acts, passed upon the subject here legislated on and the title of the Act is sufficiently broad to disclose the subject incorporated in the body of the Act, according to the requirements of sec. 29 of Art. 3 of the Constitution.

Finding no reversible error in the rulings of the Court below, either upon the demurrer or upon the prayers offered by the defendant the judgment will be affirmed.

*Judgment affirmed, with costs.*