ERIE RAILROAD COMPANY, PROSECUTOR, v. THE CITY OF PASSAIC, RESPONDENT.

Submitted March 21, 1918—Decided May 8, 1918.

The assessment of the right of way of a railroad company used for railroad purposes, cannot be assessed upon the basis either of the general or special enhancement of its market value, but only for actual benefit to such land for the public uses for which it was acquired; such assessment may rest upon the increased facility of use for railroad purposes.

On *certiorari*.

Before Justices BERGEN and BLACK.

For the prosecutor, *Collins & Corbin, George S. Hobart* and *Robert J. Bain*.

For the respondent, *Albert O. Miller, Jr.*

The opinion of the court was delivered by

BLACK, J.   This is a *certiorari* to review an assessment for the improvement of Central avenue, in the city of Passaic, along which the property assessed lies.   The assessments are for resetting of the curb and the asphalting of Central avenue.   This *certiorari* was allowed to review the assessments on plots Nos. 7 and 12½ in block No. 107a; plots Nos. 1 and 1½ and 14, in block No. 111a; plots Nos. 14 and 15½, in block No. 126; plots Nos. 1 and 1½, in block No. 127, as the same are laid down on the Fourth ward assessment map of the city of Passaic, which assessments were confirmed by Judge Silzer, in the Circuit Court of Passaic county, on the 29th day of April, 1916, except as to plot No. 7, in block No. 107a.   Judge Silzer recognized the rule that the right of way of a railroad company cannot be assessed upon the basis either of the general or special enhancement of its market value, but only for the actual benefit to such lands for the public uses for which they were acquired, that such an assessement may rest upon the increased facility of use for railroad purposes, and not upon the enhanced market value. *Erie Railroad Co. v. City of Paterson,* 72 *N. J. L.* 83; *New York Bay Railroad Co. v. City of Newark,* 82 *Id.* 591.   He then dealt with each lot in the following order:   Block 111a, lot 1½; this lot had on it a freight house, and scale house from which ice is sold to the public, and that the rest of the lot had on it tracks with driveways between them from which freight cars were loaded and unloaded, using the entrance at the freight house, and as to this he held that the improvements increased the facility for its use for railroad purposes and that it was assessable.   And so, as to the other lots, he found from the facts in each case that the improvement facilitated the use of them for railroad purposes.

The prosecutor first urges that the lots are used for railroad purposes, and have been assessed to the same extent, as if not so used, in disregard of the fact of such use.

The proof shows that the assessment was levied at a uniform rate of two dollars and fifty cents ($2.50) for the paving and thirty-five cents (35c.) for each lineal foot, where

the curbing was laid. This, we think, cannot be said to be an error, because it may well be, and there is no proof to the contrary, that the amount assessed against the prosecutor had reference only to such benefit as was derived from the increased facility of access. ·

It is next urged that the assessments have not been distributed among the respective landowners in proportion to the benefits received. But that begs the question which is whether the prosecutors have been properly assessed if they have been benefited to the extent of the assessments, they are not injured, and could not be, unless, as general taxpayers, an undue burden was cast upon the city because of insufficient assessments against other landowners, but that question has not been raised. The rest of the prosecutor's brief is a mere reiteration of the points stated.

We see no reason why this assessment should be set aside. The proceedings are confirmed and the judgment of the Circuit Court affirmed, with costs.