CITY OF ATHENS *v.* F. R. DODSON *et al.**

(*Knoxville.* September Term, 1926.)

Opinion filed December 13, 1926.

1. **MUNICIPAL CORPORATIONS.** Streets. Assessments. Abutting property. Religious institution. Construction of Statutes.

A municipality having statutory authority for the construction and improvements of certain of its streets, making it the duty of its legislative body to apportion two-thirds of the cost upon the land abutting on, or adjacent to, the street according to frontage, and providing that the aggregate amount of levy or assessment shall not exceed one-half of the assessed value of any lot, or parcel, for municipal taxes for the current year; and that such municipality shall pay any part of such levy or assessment upon such property as may be in excess of one-half the assessed value thereof, **held:**

(1) That church property by statute exempt from general taxation does not exempt such property from a special assessment against realty, or lots owned by it, fronting, or abutting, upon the streets.

(2) That the limitation contained the above proviso, is only a limitation of amount, and not a limitation of the power to assess. (Post, p. 474.)

Acts cited: Acts 1913, ch. 18, 1st. ex. ses.; Private Acts 1919, ch. 598;

Cases cited: Corbin Y. M. C. A. v. Commonwealth, 181 Ky., 384; 205 S. W. 388, 1 A. L. R., 264; Boston Seamen's Friend Society v. Boston 116 Mass., 181; 17 Am. Reports, 153; case note 17, A. L. R., 1058.

---

*Construction of exemption of religious body or society from taxation or special assessment, see annotation in 17 A. L. R. 1058.

2. TAXATION. Exempted property. Church, or educational Statute. Strictness of construction is not to be followed when considering an exemption from taxation in favor of religious, scientific, literary and educational institutions. (Post, p. 475.)

Citing: Cumberland Lodge v. Nashville, 127 Tenn., 258-259.

---

*Headnotes 1. Municipal Corporations, 28 Cyc., p. 1131; 2. Municipal Corporations, 28 Cyc., pp. 1131, 1132; 3. Municipal Corporations, 28 Cyc., p. 1131; 4. Municipal Corporations, 28 Cyc., p. 1131; 5. Taxation, 37 Cyc., p. 892.

---

### FROM McMINN.

---

Appeal from Chancery Court of McMinn County.— HON. T. L. STEWART, Chancellor.

CANDLER & STEWART, for plaintiff.

D. SULLINS STUART, for defendant.

MR. JUSTICE SWIGGART, JR., delivered the opinion of the Court.

The original bill in this cause was filed by the city of Athens, a municipal corporation, against F. R. Dodson and others, as trustees for the First Baptist Church of Athens, Tennessee.

The bill averred the construction and improvement by the city of Athens of certain of its streets, and the assessment of a portion of the cost thereof against real estate fronting or abutting upon the streets improved, including two lots owned by the defendants, as trustees for the First Baptist Church.

The bill averred that the assessments made against the property of said trustees were delinquent and unpaid, and sought a decree of attachment against said property to satisfy the assessments.

The appeal to this court is by the city of Athens from a decree of the chancellor sustaining a demurrer filed by the defendants and dismissing the bill.

The demurrer referred to chapter 18 of the first extra session of 1913, and to chapter 598 of the Private Acts of 1919, as the only statutory authority for the improvements and assessments described in the bill, and averred that under said statutes property, including that described in the bill, devoted to religious purposes and owned by a religious institution, and, therefore, not subject to taxation for general municipal purposes, was expressly relieved from liability for assessments imposed under the authority of either of said statutes.

Chapter 18 of the first extra session of 1913 is a general statute applying to all municipalities of the State having a population of not less than 2,075, nor more than 35,000; while chapter 598 of the Private Acts of 1919 is limited in its application to municipalities having a population of not less than 2250 nor more than 2300. Both statutes apply to the city of Athens. The method of city improvement and of special assessments therefor authorized by both of these statutes in the same.

By section 4 of each act it is made the duty of the legislative body of the municipality to apportion two-thirds of the cost of the improvement upon the land abutting on or adjacent to the street improved, according to the frontage; and this section of each act contains the following:

*"Provided, however,* that the aggregate or total amount of the levy or assessment made upon or against any lot or parcel of land shall not exceed one-half of the assessed value of said lot for municipal taxes for the current year; and the city or town shall pay any part of such levy or assessment upon or against any such lot or parcel of land as may be in excess of one-half of said assessed value thereof."

It is conceded on the brief of the appellees that the language of each statute is sufficient to authorize and require the apportionment or assessment against the property of a religious institution except for the language contained in the proviso above quoted. The brief filed for the appellees contains the concession that "there can be no exemption from taxation or special assessments by implication, and that a statute exempting church property from general taxation would not of itself exempt it from a special assessment." This concession is in accord with the holding of other jurisdictions in which the question has been decided. *Corbin Y. M. C. A.* v. *Commonwealth,* 181 Ky., 384, 205 S. W., 388, 1 A. L. R., 264; *Boston Seamen's Friend Society* v. *Boston,* 116 Mass., 181, 17 Am. Rep., 153; case note 17 A. L. R., 1058.

The contention of the appellees, upon their demurrer, is that the language of the proviso hereinabove quoted from the statute is an express limitation upon the authority otherwise conferred upon municipalities to levy the assessments upon abutting proper. Appellees contend that the language of the proviso expresses a legislative intention to authorize the imposition of a special assessment only upon property subject to taxes for gen-

eral purposes, and which has actually been assessed for taxes for the current year.

The language of the proviso is divided into two parts or clauses. The first contains an express limitation upon "the aggregate or total amount" of the assessment to be made upon or against any particular lot or parcel of land, the maximum limit being "one-half of the assessed value of said lot for municipal taxes for the current year." The second part or clause of the proviso declares that so much of any assessment which shall exceed the limit prescribed shall be paid by the city or town.

It seems obvious that this proviso does not deal with the class or classes of property which are to be assessed, and that its purpose is only to limit the amount of the assessment on any lot or parcel of real estate which the city or town is authorized to impose by other language of the statute. The language of the second clause of the proviso, that the city or town shall pay that part of any assessment which may be "in excess" of the limit imposed by the first clause, clearly contemplates an assessment which is to be divided between the property benefited and the city or town, and excludes the idea that the Legislature had in mind any part of the cost of making the improvement which cannot be assessed against the abutting property because of the use to which said property is devoted. The proviso deals with each particular assessment on each lot or parcel of land and fixes a maximum limit for each such assessment, and it is only an "excess" or a part of each such assessment that the city or town is required to pay by the language used.

The general assessment law, chapter 602 of the Acts of 1907, in section 4, provides that all property of every

kind shall be assessed for State, county and municipal taxation purposes "at its actual cash value," and this phrase is defined to mean "the amount of money the property would sell for if sold at a fair voluntary sale."

In referring to the assessed value of each lot or parcel of land as the maximum limit in amount of each special assessment, the legislature must be presumed to have had in mind that each such lot or parcel of land would be assessed at its actual cash value, as provided by law, and the legislative purpose or intent expressed in the proviso is, in our opinion, that no special assessment should be laid upon any lot or parcel of land which should exceed one-half its actual cash value. The reference to the assessed value has the effect of making the assessed value a conclusive measure or test of the actual cash value, in order that such value might not be the subject of controversy in each instance of complaint against an alleged excessive special assessment.

We do not think the langage of the proviso can be given a construction which would relieve from any assessment property not assessed for general taxation purposes because of the use to which it is devoted. Such a construction would, we think, give to the language employed a meaning which the Legislature did not contemplate or intend.

The proviso does not contain the method or plan for the determination of the amount of the special assessments authorized by the act. In each instance the amount of the assessment is to be computed according to the frontage of the lot or parcel of land assessed; and the language of the proviso is applied only when the amount of the special assessment so arrived at is found to be

in excess of the amount at which the lot or parcel of land is assessed for municipal purposes. The absence of such an assessment for municipal purposes on a particular lot cannot be material unless the owner conceives that the special assessment is excessive, and in such a case we think he may supply, by proof of the actual cash value of his property, the test for determining the maximum limit of such special assessment, which would prevent any discrimination against his property.

In reaching our conclusion, as expressed herein, we have borne in mind the rule that strictness of construction is not to be followed when considering an exemption from taxation in favor of religious, scientific, literary and educational institutions. *Cumberland Lodge* v. *Nashville,* 127 Tenn., 258-259. But we have been wholly unable to avoid the conclusion that the limitation contained in the proviso is only a limitation of amount and not a limitation of the power to assess.

It results that the decree of the chancellor will be reversed and the cause remanded for further proceedings.