(No. 17847.—Judgment affirmed.)
FRANK TROUTMAN *et al.* Appellants, *vs.* THE CITY OF
ZEIGLER, Appellee.

*Opinion filed October 22, 1927.*

SPECIAL ASSESSMENTS—*school property may be assessed for paving.* A special assessment may be levied against school property for the paving of a street and the payment of such an assessment is a proper application of school funds, as such an assessment, while a species of taxation, is not a tax in the sense intended by section 3 of article 9 of the constitution, providing for exemption of school property from taxation, nor is it a tax within the meaning of section 10 of article 9, prohibiting the General Assembly from imposing taxes on municipal corporations.

APPEAL from the County Court of Franklin county; the Hon. S. M. WARD, Judge, presiding.

W. F. DILLON, for appellants.

L. R. HOWELL, and CARL CHOISSER, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The board of education of school district No. 87 in the city of Zeigler, one of the appellants here, filed objections to the paving of Pine street, on which the property of the school district abuts, contending that school property can not be subjected to special assessments for local improvements. The reasons assigned were that the payment of such an assessment would be the use of funds belonging to the school district for an unauthorized purpose; that the improvement did not enhance the value of the school property; that the board would be unable to maintain a school if it paid the assessment involved in the case, amounting to $7667, and that the ordinance contravened certain sections of the constitution of this State. All its legal objections were overruled. On hearing before a jury as to benefits the amount was reduced to $6446.95. Numerous

other property owners filed objections, all of which were overruled. The board of education and other objectors have appealed to this court.

The principal question involved in the case is whether school property may be subjected to special assessment for paving. The appellant district urges that the ordinance violates section 1 of article 8 of the constitution, requiring the General Assembly to provide a thorough and efficient system of free schools, because the payment of the assessment by the district will render it unable to conduct a school for the full term and meet other necessary payments for the school year. It is sufficient to say in answer to this objection that the evidence does not disclose how much revenue is required to conduct the school or what may be raised by taxation within the constitutional limitation.

It is also urged that the ordinance violates section 2 of article 8 of the constitution, providing that lands, money or property donated or received for schools shall be faithfully applied to the objects for which such gifts or grants are made; also that the ordinance violates section 3 of article 9 of the constitution, exempting school property from taxation, and sections 10 and 12 of article 9, the former of which prohibits the imposition of taxes upon a municipal corporation by the General Assembly, while the latter provides that a school district shall not be allowed to become indebted in any manner to an amount exceeding five per cent of the value of its taxable property, including existing indebtedness. These objections, like the first objection mentioned, are unsupported by any evidence as to taxable property or indebtedness of the district. These objections have all been settled contrary to the contention of the school district by former cases of this court. In *Carlyle* v. *Bartels,* 315 Ill. 271, *County of Adams* v. *City of Quincy,* 130 id. 566, and other cases, it has been held that special assessments levied for the purpose of improving streets in

front of the property of municipal corporations are not taxes in the sense intended by section 3 of article 9 of the constitution, providing for exemption of school property from taxation. A reading of section 10 of article 9 of the constitution is sufficient to show that the special assessment for the improvement of this property does not violate the provisions of that section. That section prohibits the General Assembly from imposing taxes on municipal corporations. In *County of Adams* v. *City of Quincy, supra,* it is clearly pointed out that under the power conferred by the constitution the legislature may authorize local public improvements to be made by special assessment, and that a special assessment, while treated as a species of taxation for corporate purposes, is not such as comes within the contemplation of the exemption statutes.

The general subject of exemption of school property from special assessments for local improvements has been fully discussed and decided by this court in *Board of Education* v. *People,* 219 Ill. 83, and *City of Chicago, Trustee,* v. *City of Chicago,* 207 id. 37, neither of which has been cited by counsel in their briefs. The questions raised here by the appellant district are there decided contrary to its contention. In those cases it was held that school property not a part of school section 16 granted by the government and not acquired with funds derived from the sale of land in section 16 is subject to special assessment for local improvements; that the fact that school property is held in trust and cannot be sold for the purpose of collecting a special assessment against it does not defeat the assessment, as the law provides other methods by which payment may be enforced. It was also there held that payment of a special assessment is a proper application of school funds. The court did not err in overruling the objections as to the assessment.

Objection is made to the amendment of appellants' sixth and ninth instructions. These instructions were amended

in accordance with the views herein expressed, and such amendment was not error.

The school district also assigns as error the admission of the testimony of witnesses for appellee concerning the benefits to the school property, the argument being that as school property has no market value the witnesses were not competent to testify to and did not show any knowledge of the value of school property. We have examined the testimony and find no error in that regard.

The record contains no reversible error, and the judgment of confirmation will be affirmed.

*Judgment affirmed.*