THE CITY OF ROCK ISLAND, Appellee, *vs.* THE CHIPPIAN-NOCK CEMETERY ASSOCIATION, Appellant.

*Opinion filed December 21, 1927.*

1. SPECIAL ASSESSMENTS—*when the court obtains jurisdiction—notice.* The filing of a petition for confirmation of special assessments gives the court jurisdiction of the particular case and of the petitioner, and the entry of a general appearance by a property owner gives the court jurisdiction of the property owner, and any question as to the sufficiency of the description of the property in the publication notice and of the sufficiency of the notice is waived by the filing of objections by the property owner going to the merits of the case.

2. SAME—*tax exemption must be clearly established.* A party claiming that his property is exempt from taxation or special assessment is required to show clearly that it is within the provisions of the constitution and the statute or charter purporting to grant the exemption.

3. SAME—*special assessments are not taxes.* Special assessments are not taxes, as they are not imposed for some general or public object nor for carrying on the government, either directly

or through the medium of municipal corporations, but they are imposed for a special purpose or improvement for the convenience of the particular district in which the property assessed is situated.

4. SAME—*when charter of cemetery corporation does not exempt it from assessments.*  The special charter of a cemetery corporation granted by the legislature in 1857 must be construed in connection with the provisions of the constitution of 1848, and as section 3 of article 9 of said constitution prohibits the legislature from granting any exemption to religious or charitable corporations except from general taxation, no provision in the charter of the corporation can exempt it from special assessments.

5. SAME—*when question whether collection of assessment may be enforced by sale of cemetery property does not arise.*  The question whether collection of a special assessment can be enforced by sale of the property of a cemetery corporation cannot be raised as an objection to the merits in a proceeding for the confirmation of the assessment.

APPEAL from the County Court of Rock Island county; the Hon. GEORGE D. LONG, Judge, presiding

HOPKINS, STARR & HOPKINS, (E. H: GUYER, and FREDERICK DICKINSON, of counsel,) for appellant.

ROBERT R. REYNOLDS, City Attorney, (ALBERT HUBER, and BEN T. REIDY, of counsel,) for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Appellee, the city of Rock Island, instituted proceedings in the county court of Rock Island county under the Local Improvement act for the levying of a special assessment for the paving of Thirty-first avenue from Twelfth to Seventeenth streets, in the city of Rock Island, abutting upon which proposed improvement are the cemetery grounds of appellant, the Chippiannock Cemetery Association.  Appellant entered a general appearance in the county court and filed objections.  A hearing was had upon its objections pursuant to section 48 of the Local Improvement act, and upon the objections being overruled, appel-

lant waived further controversy as to the remaining question upon the record,—*i. e.*, that the property was assessed more than its proportionate share of the cost of such improvement,—and the court entered judgment in favor of appellee and against appellant, from which judgment an appeal has been taken to this court.

It is contended by appellant that the dedication and use of the cemetery grounds for burial purposes devote them to a public charitable use, and that thereby they are withdrawn from the field of eminent domain proceedings under the Local Improvement act. That question does not arise in this case, as none of the lands of appellant are sought to be taken by eminent domain proceedings.

Appellant, after reciting its incorporation as a cemetery association, its acquisition of the real estate sought to be assessed, its subdivision into burial lots, with avenues, roadways, driveways, etc., the sale and use of a portion of the lots for burial purposes, the care of the burial places by the association, the planting and cultivation of thousands of trees, the maintenance of offices, tool houses, repair shops and water system, and the holding of the ultimate reversion in fee of the lands, lots, driveways, etc., in trust for the uses appropriate to said lots and lands for the benefit of the present and future owners of the lots and for the public, on the basis of this preamble stated seven objections, six of which were based on an alleged exemption from assessment contained in its charter, while the seventh was that the court was without jurisdiction to make the assessment. Under this objection some question is raised as to the publication notice and the description of the property therein. The filing of the petition in this case gave the court jurisdiction of the particular case and of the petitioner. (*Village of Elmwood Park v. Mills & Sons,* 311 Ill. 136.) The entry of a general appearance by appellant gave the court jurisdiction of it, and any question as to the sufficiency of the description of appellant's property in the

notice, and of the sufficiency of the notice, was waived by the filing of objections going to the merits of the case. (*City of Dallas City* v. *Steingraber,* 321 Ill. 318; *People* v. *Bloomington Cemetery Ass'n,* 266 id. 32.) Under this objection ·it is also claimed that the property was not properly described in the assessment roll, but no suggestion is made as to any misdescription other than the statement in the objection that the premises had been subdivided and platted into burial lots, but no statement is made in the objections or showing made to the court as to how or in what manner such plat differed from the description in the assessment roll. The property described in the assessment roll is the same as that used by appellant as a cemetery, as stated in the preamble to the objections, which states, among other things: "The association acquired said real estate, which is also referred to in said assessment roll, as and for its cemetery grounds and for use as graveyards and for grounds for burying the dead pursuant to and in reliance upon said act, and holds same in trust solely as its cemetery grounds for disposition and use as cemetery lots and for burial purposes for the dead and for the cemetery appurtenances thereto." The court had jurisdiction of the subject matter of appellee, of appellant and of the *res.*

Appellant's main contention is, that by section 4 of a special charter granted to appellant by the legislature in 1857 the cemetery grounds are exempted from taxes and special assessments. That section is as follows: "Said cemetery grounds, and each and every lot therein, and all improvements, of every description, appurtenant thereto, shall be forever exempt from levy and sale under execution or attachment or any decree or order of any court of law or equity, and from all sales, judgments or liens for taxes or assessments of any kind or nature whatsoever; and there shall not be any county or State road or roads laid or located through said grounds without the consent of the board of directors."

A party claiming that his property is exempt under a statute or legislative charter is required to show clearly that it is exempt within the provisions of the constitution and the statute purporting to grant such exemption. (*People* v. *Northwestern College,* 322 Ill. 120; *Chicago Home for Girls* v. *Carr,* 300 id. 478.) The special charter of the Chippiannock Cemetery Association was granted by the legislature in 1857, and its provisions must therefore be construed in connection with the provisions of the constitution of 1848, which was in force at that time. (*Chicago Home for Girls* v. *Carr, supra.*) Section 3 of article 9 of the constitution of 1848 provided that "the property of the State and counties, both real and personal, and such other property as the General Assembly may deem necessary for school, religious and charitable purposes, may be exempt from taxation." This provision is a limitation upon the power of the legislature to grant exemptions from taxation except as to those specifically authorized by it. Special assessments are not taxes. (*Troutman* v. *City of Zeigler,* 327 Ill. 251.) They are imposed for a special purpose, in the present instance for paving a street upon which appellant's property abuts, and the improvement is made for the convenience of the particular district in which appellant's property is situated. They are not imposed for some general or public object, nor are they an exaction made for the purpose of carrying on the government directly or through the medium of municipal corporations. (*Carlyle* v. *Bartels,* 315 Ill. 271.) Section 3 of article 9 of the constitution of 1848 prohibits the legislature from granting any exemption to religious or charitable corporations except from general taxation.

Appellee contends that sections 5, 9 and 14 of the charter granted by the legislature to appellant show that the appellant is not a corporation organized for religious or charitable purposes. We do not deem it necessary to decide this question, as, even if it be conceded that appel-

lant was organized for such purposes, the section of the constitution of 1848 above quoted prohibited the legislature from granting to appellant any exemptions except from taxation, and as the assessment of benefits here in question does not come within the meaning of that term, such attempted exemption is void and was properly disregarded by the county court. *City of Chicago* v. *Baptist Theological Union,* 115 Ill. 245; *South Park Comrs.* v. *Wood,* 270 id. 263.

It is contended by appellant that cemetery lands dedicated to the public charitable uses of burial cannot be sold by the association or lot owners or appropriated to any other use until some statute shall give authority for so doing, and that, since the cemetery grounds cannot be sold by order of court, special assessment proceedings against cemetery grounds to compel payment, and for sale of them by order of court for non-payment, are not due process of law and violate section 2 of article 2 of the constitution of 1870 and the fifth amendment and section 1 of the fourteenth amendment of the Federal constitution. None of those questions arise on this record as this is not a proceeding to enforce the collection of this assessment by the sale of appellant's property, but the judgment appealed from is only a judgment confirming the assessment against appellant's property.

We are of the opinion that appellant's property was not exempt from special assessment for paving the street upon which it abuts.

The judgment of the county court is affirmed.

*Judgment affirmed.*