CHURCH HOME AND INFIRMARY *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 30, April Term, 1940.]

*Decided May 23rd, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Thomas F. Cadwalader,* for the plaintiff.

*Lawrence B. Fenneman, Deputy City Solicitor,* and *Michael J. Hankin, Assistant City Solicitor,* with whom

was *Charles C. J. Evans, City Solicitor,* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The Church Home and Infirmary of the City of Baltimore is a charitable corporation by virtue of the laws of the State of Maryland, and owns and operates in the City of Baltimore a general hospital for the sick and a home for aged women. Its hospital and home are built on a tract of land which is bounded on three sides by the public streets of the municipality. For the purpose of widening one of these highways, the Mayor and City Council of Baltimore passed, on April 13th, 1935, an ordinance under which the municipality acquired the requisite land adjacent to the opposite side of one of these boundary streets, but took no land of the charitable corporation. The street was thereafter widened, improved, and repaved, and, upon the conception of the benefits to its property conferred by this public betterment, an assessment of $1,148 was made for the opening, grading, and paving of the widened street.

The charity protested in vain against the imposition and proposed collection of this assessment, on the ground that the assessment is forbidden by chapter 354 of the Acts of the General Assembly of Maryland of 1931, which is subsection (33) of section 7 of article 81 of the Annotated Code of Public General Laws, 1935 Supplement. Finally, when the charity was notified that the collection of the amount of the assessment, interest, and penalties would be enforced by a sale of its property, a suit was begun by the charity to enjoin the municipality, its officers and agents, from proceeding to collect the sum claimed on account of the assessment, and to have declared that, by virtue of the statute named, the charity is entitled to an exemption from the assessment.

The municipal corporation and its collector of taxes were made the defendants, and their answer admitted all of the material allegations of fact of the plaintiff's bill of complaint, but claimed that chapter 354 of the

Acts of the General Assembly of 1931, now codified as subsection (33) of section 7 of article 81 of the Annotated Code, is unconstitutional and void, and so afforded the plaintiff no exemption. The chancellor adopted the position of the defendants, that chapter 354 of the Acts of 1931 is invalid and unconstitutional, and dismissed the bill of complaint. The appeal comes from this decree.

The defendants support the conclusion that chapter 354 of the Acts of 1931 is unconstitutional on two grounds. The first is that the statute is in violation of the Home Rule Amendment to the Maryland Constitution, as embodied in article XIA, since the legislation is a local law, applicable only to Baltimore City, in respect of a subject matter which is embraced within express powers granted to Baltimore City by its Charter. The second is that the title of the Act does not meet the conditions of section 29 of article III of the Maryland Constitution.

The title and body of the Act are of this tenor:

"An Act to add a new paragraph to Section 7 of Article 81 of the Annotated Code of Maryland (1929 Supplement), title 'Revenue and Taxes,' sub-title 'Ordinary Taxes,' sub-heading 'What Shall Be Taxed and Where,' said new paragraph to be known as Paragraph (32) and to follow immediately after Paragraph (31) of said section, exempting the building, equipment and furniture of hospitals, asylums, churches, places of worship, charitable and benevolent institutions, or the grounds appurtenant thereto, from the payment of any assessment for the opening, grading and paving of any road or street and to cancel any such existing but uncollected assessments.

"Section 1. Be it enacted by the General Assembly of Maryland, That a new paragraph be and it is hereby added to Section 7 of Article 81 of the Annotated Code of Maryland (1929 Supplement), title 'Revenue and Taxes,' sub-title 'Ordinary Taxes,' sub-heading 'What Shall Be Taxed and Where,' said new paragraph to be known as Paragraph (32), to follow immediately after Paragraph (31) of said section, and to read as follows:

"(32) All buildings, equipment and furniture of hospitals, asylums, churches, places of worship, charitable and benevolent institutions, or the grounds appurtenant thereto, in any county, city or incorporated town of this State, shall be exempted from the payment of any assessment for the opening, grading, macadamizing and paving of any road or street in said county, city or incorporated town; and any such assessment now levied against any such property, and not collected, is hereby cancelled. Provided that this section shall only apply to Baltimore City.

"Sec. 2. And be it further enacted, That this Act shall take effect June 1, 1931."

Under the provisions of article XIA of the Constitution of Maryland, which is popularly known as the "Home Rule Amendment," a charter for Baltimore City was validly adopted in November, 1918. *Williams v. Broening,* 135 Md. 226, 108 A. 781.

By the provisions of this article XIA, the powers granted to the City of Baltimore, as set forth in article 4, section 6, of the Public Local Laws, were not to be enlarged or extended by any charter formed under its authorization, but such powers might be extended, modified, amended or repealed by the General Assembly. Article XIA, section 5, Code, pp. 151-153.

After the adoption of its charter by the City of Baltimore, the municipality was empowered, subject to the Constitution and Public General Laws of the State, to enact local laws, and to repeal or amend local laws which were enacted by the General Assembly of Maryland upon all matters covered by the express powers granted the municipality by the Public Local Laws of Maryland. All the local laws duly enacted under its charter by the City of Baltimore are made subject to the rule that, in case of any conflict between such local law and any present or future public general law, the latter shall control. Article XIA, section 3, Code, p. 152.

After the Charter was adopted in November, 1918, the General Assembly of Maryland can enact no public

local laws with respect to the City of Baltimore on any subject covered by the express powers granted to the municipality. By definition, a law which is so drawn as to apply to two or more geographical sub-divisions of the state is not a local law within the meaning of the article. Either any county or the City of Baltimore is declared to be such a sub-division. Article XIA, section 4, Code, p. 152.

As chapter 354 of the Acts of 1931 (article 81, section 7, subsection (33) of 1935 Supplement to the Annotated Code of Maryland) is confined territorially by its specific terms exclusively to the City of Baltimore, it is a local act within the meaning of article XIA, and, consequently, the only question is whether the subject matter of chapter 354 is covered by the express powers granted to the municipality by its Charter.

The municipality maintains that its express power to grant an exemption from an assessment imposed for a street improvement is conferred by the legislation with reference to the opening, extending, widening, straightening or closing of its public streets. It relies for this contention on section 6, subsection (26) (a) of the Charter, whereby the municipality is authorized, among other things, to widen, straighten or close any highway within its limits; to provide for the ascertainment of damages and benefits caused by such opening, extending, widening or closing; and for assessing or levying, either generally upon the whole assessable property of the city, or specially on the property of the persons benefited, the whole or any part of the damages and expenses incurred in such proceedings. Similar provisions exist in regard to the establishment and change in the grade lines of its public ways, and to the grading, paving, curbing and similar improvement of its highways.

These grants of power are indubitably express. There is no question that the power to lay an assessment for street improvement, either generally upon the whole assessable property of the city, or specially on the property of persons, is specifically conferred. What the argument

ignores is that the power to make an assessment is not identical with the power to exempt a certain class from inclusion in such an assessment.

The distinction may be illustrated in the power granted a municipality to tax, since an assessment so largely partakes of the nature of a tax that the analogy is complete. In *Jones v. Broening,* 135 Md. 237, 108 A. 785, it was expressly held that the power granted a municipality to tax does not include the power to exempt property for the purposes of taxation. If such a power to exempt resides in the municipality, it must be expressly conferred or necessarily inferred. As observed by the court in that opinion:

"If it be true as a general proposition that the power to tax in a sovereign state includes the power to exempt and classify (and this is true subject to certain important limitations), it does not follow that this principle is applicable to a municipality, which derives its powers only by express grant from the state. Mr. Cooley, in his work on *Taxation,* says:

" 'Power of exemption, [sic] pertaining as it does to the sovereign power to tax, the municipalities of a state have not the exempting power except as they are expressly authorized by the state and obviously it is not competent to confer a general power to make exemption, since that would be nothing short of a general power to establish inequality.' " 135 Md. at page 240, 108 A. at page 786. See *Cooley on Taxation* (4th Ed.), sec. 670; pp. 1399-1400; *Walker v. Richmond,* 173 Ky. 26, 189 S. W. 1122; *Brewer Brick Co. v. Inhabitants of Brewer,* 62 Me. 62.

The reasoning employed and the principle applied in *Jones v. Broening, supra,* have full application to the matter of an exemption from assessment.

The power bestowed upon a municipality to make special assessment of property for public improvements is one power, and its power granted a municipality to exempt certain classes of property from such an assessment is another and different power. The power to as-

sess is based upon principles of equality and universality, and the power to exempt is a denial of equality and universality. Hence, in the absence of express authorization, a municipality has no power to exempt land and other property from special assessment. Where the General Assembly possesses such a power, the asserter of the exemption must show a clear and unambiguous legislative law in support of his contention. 5 *McQuillan on Municipal Corporations* (2nd Ed.), sec. 2215; *Tennessee v. Whitworth,* 117 U. S. 139, 145, 148, 149, 6 S. Ct. 649, 29 L. Ed. 833; *Philadelphia & W. R. Co. v. Maryland,* 10 How., U. S., 376, 393, 13 L. Ed. 461; *Hollywood Cemetery Assn. v. Powell,* 210 Cal. 121, 291 P. 397, 403, 404; *Wilmington v. Riverview Cemetery Co.,* 38 Del. 182, 190 A. 111; *Delaware Registration Trust Co. v. Forge & Steel Co.,* 15 Del. Ch. 381, 138 A. 620; *Rock Island v. Chippiannock Cemetery Assn.,* 328 Ill. 236, 159 N. E. 271, 273; *Vrana v. St. Louis,* 164 Mo. 146, 64 S. W. 180; *Rackliffe & Gibson v. Duncan,* 130 Mo. App. 695, 108 S. W. 1110; *Kansas City Exposition Driving Park v. Kansas City,* 174 Mo. 425, 433, 74 S. W. 979; *Vail v. Plainfield,* 155 A. 679, 9 N. J. Misc. 817; *Athens v. Dodson,* 154 Tenn. 469, 290 S. W. 36; *State v. Commercial Waterway Dist.,* 152 Wash. 523, 278 P. 423, 426.

A careful examination establishes that, while the Charter of the City of Baltimore does authorize special assessments, neither the Charter nor any subsequent legislation creates an exemption, nor attempts to authorize the municipality to create any exemption, in the imposition of a special assessment for a street improvement. Hence, in the absence of such an express power, article XIA does not inhibit, but permits, the General Assembly to modify and amend the power of the municipality in respect of the levying of a special assessment by granting the exemption specified in chapter 354 of the Acts of 1931.

The second ground of attack upon the validity of the Act is the charge that it does not comply with section 29 of article III of the Constitution of Maryland, which

contains the mandate that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." The objection urged is that while the title purports to add a new paragraph to an existing section 7 of article 81 of the Annotated Code of Maryland (1929 Supplement), title "Revenue and Taxes," sub-title "Ordinary Taxes," sub-heading "What Shall Be Taxed and Where," to be known as paragraph (32), exempting the building, equipment and furniture of hospitals, asylums, churches, places of worship, charitable and benevolent institutions or the grounds appurtenant thereto, from the payment of any assessment for the opening, grading and paving of any road or street and to cancel any such existing but uncollected assessments without territorial limitation, the body of the Act, although of the same tenor as the title, concludes wih the clause "Provided that this section shall only apply to Baltimore City."

The subject of the law embraces but one subject and that is clearly described in its title. The title is comprehensive, and does include the City of Baltimore, and, therefore, does not mislead, when the body of the Act is limited in its effect to the City of Baltimore. The result is to make the title broader than the body of the Act, which does not deceive or mislead, and is not sufficient to defeat the will of the Legislature by declaring the Act void. *Mt. Vernon-Woodberry Cotton Duck Co. v. Frankfort Marine Accident & Plate Glass Ins. Co.*, 111 Md. 561, 568, 569, 75 A. 105; *Miller v. Wicomico County*, 107 Md. 438, 69 A. 118; *Dean v. Slacum*, 149 Md. 578, 580, 132 A. 73; *Ruggles v. State*, 120 Md. 553, 563, 564, 87 A. 1080; *Himmel v. Eichengreen*, 107 Md. 610, 612, 69 A. 511.

For the reasons assigned, the court is of the opinion that the plaintiff is entitled to the exemption claimed.

*Decree reversed, and case remanded, with costs to the appellant.*