## MARYLAND & PENNSYLVANIA RAILROAD CO. *v.* DEELEY K. NICE ET AL.

[No. 39, October Term, 1945.]

*Decided December 18, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Richard W. Case,* with whom was *Francis J. Carey* on the brief, for the appellant.

*Michael J. Hankin, Assistant City Solicitor of Baltimore City,* with whom were *Simon E. Sobeloff, City Solicitor,* and *Lester H. Crowther, Deputy City Solicitor,* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Maryland and Pennsylvania Railroad Company, a Maryland corporation operating trains between Baltimore and York, was assessed $630.06 for the cost of repaving part of an alley through which it has a right of way south of Cold Spring Lane. The railroad company protested the assessment on the ground that the repaving does not benefit the right of way, but the Appeal Tax Court sustained the assessment. The appeal is now from an order of the Baltimore City Court affirming the Appeal Tax Court.

It is a well established doctrine that the Legislature has the constitutional right to delegate to a municipal corporation the power to impose the entire cost of paving a street on the property abutting thereon instead of on the community at large. *Moale v. Baltimore,* 5 Md. 314, 320, 61 Am. Dec. 276; *Bassett v. Ocean City,* 118 Md. 114, 84 A. 262; 4 *Dillon, Municipal Corporations,* 5th Ed.,

Sec. 1431. The Mayor and City Council of Baltimore is empowered by its charter to provide by ordinance for the grading, paving and curbing of any street, lane or alley in the city and for assessing the cost of any such work, in whole or in part, upon property binding thereon "according to such rule or basis as it may determine." Baltimore City Charter, 1938 Ed., Sec. 6 (26) (C). In accordance with the power delegated by the Legislature, the Mayor and City Council passed Ordinance No. 140 of 1924 and Ordinance No. 421 of 1925, authorizing the highways engineer to pave alleys found to be in disrepair, and to report the names of owners of property abutting thereon to the Appeal Tax Court. The Legislature has exempted hospitals, asylums, churches, places of worship, and charitable and benevolent institutions from any assessment for the opening, grading, macadamizing and paving of any road or street in Baltimore City; but has not exempted railroads from any such assessment. Acts of 1931, Ch. 354; Code, 1943 Supp., Art. 81, Sec. 7 (28) ; *Church Home and Infirmary v. City of Baltimore,* 178 Md. 326, 13 A. 2d 596.

It is recognized that a special assessment can be levied upon abutting property to defray the cost of public improvement only on the theory that the property will derive special benefit other than the general benefit to the public at large. *Baltimore v. Hanson,* 61 Md. 462; *Hyattsville v. Smith,* 105 Md. 318, 66 A. 44; *In re City of New York,* 233 N. Y. 387, 135 N. E. 825. If the Legislature, or municipal officials acting as agents of the State, could impose upon certain private property the cost of a public improvement regardless of any special benefit accruing to the owner from such improvement, the guaranties for the protection of private property would be seriously impaired. *Norwood v. Baker,* 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443. It is a general rule that the law presumes that street paving, which facilitates travel and affords better access to abutting property, confers a special benefit upon the abutting

property owner as well as a general benefit upon the community. *Dineen v. Rider,* 152 Md. 343, 361, 136 A. 754. However, the decisons are not harmonious as to whether the right of way and roadbed of a railroad are subject to special assessments. Such property is generally the same under all circumstances and cannot derive any special benefit from local improvements. In Pennsylvania it has been held that the right of way and roadbed of a railroad are exempt from assessments for municipal improvements. *South Fork Borough v. Pennsylvania R. Co.,* 251 Pa. 261, 96 A. 710. The prevailing view, however, is that the court cannot say as a matter of law that the right of way of a railroad may not be benefited or susceptible of benefit by local improvements, and we accordingly hold that a right of way is subject to assessment for improvements if specially benefited thereby. As some special benefit to abutting property is the basis for the assessment, such benefit for railroad use must be established as a fact before the assessment can be sustained. *United Railways & Electric Co. v. Baltimore,* 127 Md. 660, 96 A. 800; *Consolidated Gas, Electric Light & Power Co. v. Baltimore,* 130 Md. 20, 28, 99 A. 968; *City of Grand Rapids v. Grand Trunk Ry. System,* 214 Mich. 1, 182 N. W. 424, 427; *Town of Clayton v. Colorado & Southern Ry. Co.,* 10 Cir., 51 F. 2d 977, 82 A. L. R. 417; *Choctaw O. & G. R. Co. v. Mackey,* 256 U. S. 531, 41 S. Ct. 582, 65 L. Ed. 1076; 4 *Dillon, Municipal Corporations,* 5th Ed., Sec.. 1451; 5 *McQuillin, Municipal Corporations,* 2d Ed., Sec. 2199; 48 *Am. Jur., Special or Local Assessments,* Sec. 104.

In this case the right of way is only twenty-four feet wide, and is used for no purpose except the roadbed for its railroad track. It cannot possibly be used for building purposes. In the first place, the deed, by which it was acquired in 1880, contains the restriction that no part of it shall be used for depot purposes. Second, under the standards of safety, no structure can be built closer than eight feet from the middle of the track, and

thus only four feet of the right of way would be available for structures of any kind, and obviously not even a water tank or tool house could be built on such a narrow strip of land. Third, the railroad company has no right, title or interest in the alley between the right of way and the paved surface, and since a spur track could not be laid, the repaving could not furnish any improved means of access to the railroad that can be practically availed of for railroad purposes. E. E. McLellan, chief engineer of the railroad, who has had an experience of forty-five years in railroad work, testified that the repaving could not possibly benefit the right of way. The case is analogous to *United Railways & Electric Co. v. Baltimore*, 127 Md. 660, 96 A. 800, where the City's assessment for the cost of repaving between the railway tracks and for two feet on each side thereof was held invalid because the right of way was not specially benefited by the repaving. A right of way used by a railroad company for its roadbed, and not intended to be used for any other purpose, can be assessed only for actual benefits to the land for the use for which it was acquired. *Erie R. Co. v. City of Passaic*, 91 N. J. L. 504, 103 A. 855; *Village of River Forest v. Chicago & Northwestern R. Co.*, 197 Ill. 344, 64 N. E. 364; *City of Highwood v. Chicago & Northwestern R. Co.*, 276 Ill 98, 114 N. E. 585.

It has been urged by the City that the roadbed for some distance is lower than the paved surface, and that there has been an eastward drainage of surface water across the alley toward the right of way. It was testified that drainage had eroded the embankment on the west side of the alley, and the repaving was done after the health commissioner had complained that the disrepair of the paving caused an unsanitary condition. However, while there may have been erosion of the embankment the roadbed of the railroad had not been affected by drainage for the reason that all the surface water had been carried off by a ditch. Consequently the railroad has not been appreciably benefited so far as

drainage is concerned. It would be unjust to levy a substantial assessment for paving and attempt to justify it on the ground of a change in drainage, when the abutting owner is not benefited by the change. If an assessment for local improvements is obviously unjust and confiscatory, it violates Article 23 of the Maryland Declaration of Rights. An assessment for local improvements takes private property for public use without compensation, and deprives the owner of his property in violation of the law of the land, if the property is not benefited by the improvements. *Harlan v. Town of Bel Air,* 178 Md. 260, 268, 13 A. 2d 370.

The Baltimore City Court, in sustaining the assessment, ignored the testimony of the chief engineer because it dealt only with the present use of the land, and not with the possibility of a different use in the future. It is entirely true that the United States Supreme Court announced in 1905 in *Louisville & Nashville R. Co. v. Barber Asphalt Paving Co.,* 197 U. S. 430, 25 S. Ct. 466, 467, 49 L. Ed. 819, 821, that the fact that the only present use of a railroad lot abutting on a street was for a right of way did not make an assessment thereon for paving the street invalid as a violation of the Fourteenth Amendment. In support of the constitutionality of the assessment Justice Holmes said: "The amount of benefit which an improvement will confer upon particular land—indeed, whether it is a benefit at all—is a matter of forecast and estimate. In its general aspects, at least, it is peculiarly a thing to be decided by those who make the law. The result of the supposed constitutional principle is simply to shift the burden to a somewhat large taxing district,—the municipality,—and to disguise, rather than to answer, the theoretic doubt. It is dangerous to tie down legislatures too closely by judicial constructions not necessarily arising from the words of the Constitution." But in that case it was apparent that the street paving might later confer benefit upon the land while still used for railroad purposes. Justice Holmes distinctly stated that no one could say that

changes might not make a railroad station desirable at that point, in which event the advantages of a paved street could not be denied. In any event, the instant case is governed by our own decisions construing the Maryland Constitution and our statutes. *United Railways & Electric Co. v. Baltimore,* 127 Md. 660, 662, 96 A. 800.

The right of way of the Maryland and Pennsylvania Railroad Company was acquired for a roadbed to effectuate the purpose for which a franchise was granted by the State. This narrow strip of land has been used exclusively for a track for sixty-five years, and there is no suggestion that the railroad company is contemplating an abandonment of the track. The railroad is operated for the use of the public, and the corporation is not at liberty to dispose of its right of way at any time. As stated by the New York Court of Appeals in *People ex rel. New York Central R. Co. v. Limburg,* 283 N. Y. 344, 28 N. E. 2d 865, the possibility that a railroad right of way might be abandoned at some future time and the land thereafter put to some different use, for which the paving might enhance its value, is too remote and conjectural to be considered as a basis upon which to predicate an assessment against the land.

Finding no evidence that the repaving will confer any practical benefit upon the right of way by enhancing the railroad use, so as to form the basis for a special assessment, we must reverse the order of the Baltimore City Court and remand the case for the passage of an order reversing the order of the Appeal Tax Court.

*Order reversed and case remanded, with costs to the appellant.*