SUNDAY SCHOOL BOARD OF THE SOUTHERN BAPTIST CONVENTION *v.* EVANS, Commissioner of Finance & Taxation.

(*Nashville*, December Term, 1950.)

Opinion filed June 16, 1951.

JUDSON HARWOOD, of Nashville, for complainant.

ALLISON B. HUMPHREYS, JR., Assistant Attorney General, for defendant

Mr. Justice Prewitt delivered the opinion of the Court.

This cause was tried below on bill and answer and the Chancellor held that the complainant was entitled, as a religious and charitable institution, to exemption from the Sales or Use Tax, as provided by Chapter 110, Public Acts of 1949.

Complainant is a non-profit, religious organization and is engaged in the business of distributing religious literature and supplies to Baptist churches in the south to be used by said churches in religious work.

It appears that complainant is chartered as a general welfare corporation and no profit can or does result to any shareholder or individual.

Section 1 of Chapter 110, Public Acts of 1949 provides as follows:

"There is hereby exempted from the provisions of this Act any sales or use tax upon tangible personal property sold to churches or church-supported universities, colleges, schools, orphanages, homes for the aged, hospitals, or other such charitable institutions which are operated exclusively as educational, religious, or charitable institutions, and where no pecuniary profit can or does result to any shareholder or individual.

"There is hereby exempted from the provisions of this Act any sales or use tax upon tangible personal property

sold to non-profit universities, colleges, schools, orphanages, homes for the aged, hospitals or such other educational or charitable institutions which are operated solely for educational or charitable purposes and where no pecuniary profit can or does result to any shareholder or individual."

The only question before us is whether complainant comes within the exemption.

In addition to churches and church supported colleges, the Act exempts "other such charitable institutions which are operated exclusively as educational, religious, or charitable institutions, and where no pecuniary profit can or does result to any shareholder or individual."

We are of the opinion that since complainant is a religious, educational and charitable institution; operated solely for educational or charitable purposes, it comes within the exemption provisions of Chapter 110, Public Acts of 1949.

The statute expressly exempts churches and church supported universities, colleges, schools, orphanages, homes for the aged, hospitals or such other charitable institutions which are operated as religious institutions.

Complainant was organized and exists "for the purpose of the establishment, support, and maintenance of any Sunday school undertaking on the part of said Southern Baptist Convention, and to print or purchase and disseminate, by gift or sale, religious literature for the purpose of the propagation of the Gospel and the advancement and spread of the religious faith which said Southern Baptist Convention is engaged in advancing or promulgating.

"Said corporation shall have the power to establish and support religious Sunday schools; print and dis-

seminate religious literature looking toward the advancement and spread of the religious faith of Baptist Churches affiliated with the Southern Baptist Convention; . . ."

The complainant is merely an arm of the numerous Baptist churches throughout the south, assisting the church in carrying into effect its mission of spreading the Gospel.

This Court said, in the case of *City of Athens* v. *Dodson,* 154 Tenn. 469, 475, 290 S. W. 36, 38: "In reaching our conclusion, as expressed herein, we have borne in mind the rule that strictness of construction is not to be followed when considering an exemption from taxation in favor of religious, scientific, literary, and educational institutions. *Cumberland Lodge* v. [*City of*] *Nashville,* 127 Tenn. [248], 258, 259, 154 S. W. 1141."

We are therefore of the opinion that complainant falls within the provision of the exemption statute and that the Chancellor correctly found that complainant was entitled to the exemption.

It results that the decree of the Chancellor must be affirmed.

All concur.