The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, et al., Appellants,

v.

The STATE BOARD OF EQUALIZATION of the State of Tennessee et al., Appellees.

Supreme Court of Tennessee.

Nov. 22, 1976.

Edward W. McCabe, Robert W. Rutherford, Metropolitan Legal Dept., Nashville, for appellants.

Brooks McLemore, Jr., Atty. Gen., Everett H. Falk, Deputy Atty. Gen., John T. Conners, Jr., Michel G. Kaplan, Boult, Cummings, Conners & Berry, Nashville, for appellees.

OPINION

FONES, Chief Justice.

This appeal involves a grant of exemption from taxation on property owned by St. Thomas Hospital in Nashville. The exemption was awarded by the Tennessee State Board of Equalization and upheld by the Chancellor over opposition of appellants, the Metropolitan Government of Nashville and Davidson County, the Metropolitan Tax Assessor and the Metropolitan Board of Equalization.

Saint Thomas Hospital is a non-profit corporation which has provided medical service to citizens of Nashville since 1905. Because of demands for a larger and more modern medical facility, St. Thomas procured the land in question to build a new hospital. It paid the property tax on the land for the years 1970 through 1973, and applied for the exemption to be effective January 1, 1974.[1] On January 1, 1974, construction on the new hospital was in its final stages. The hospital actually began operation in December, 1974. There is no controversy between the parties for years subsequent to 1974, the exemption having been allowed except for a minor portion of the premises.

Pursuant to Article 2, Section 28 of the Constitution of Tennessee, the state legislature enacted T.C.A. § 67–513 which insofar as is relevant here, provides:

"(a) There shall be exempt from property taxation, the real and personal property owned by any religious, charitable, scientific or educational institution which is occupied and used by such institution or its officers purely and exclusively for carrying out thereupon one or more of the purposes for which said institution was created or exists . . ."

The sole issue is whether property during construction is "occupied and used" within the meaning of the exemption statute.

In *City of Nashville v. State Board of Equalization,* 210 Tenn. 587, 360 S.W.2d 458 (1962), Mr. Justice Felts, writing for the

1. Chapter 644, Public Acts 1974, changed the lien date from January 10 to January 1.

Court, succinctly stated the requirement for an exemption:

". . . the plain intent of this Act is to exempt such an institution's real estate only when it is both (1) *'occupied'* and (2) *'used exclusively'* by the institution for one of its charter purposes . . ." 210 Tenn. at 606, 360 S.W.2d at 466.

Our next opportunity to apply this test involved the converse of the factual situation of the present case. In *Mid-State Baptist Hospital Inc. v. City of Nashville,* 211 Tenn. 599, 366 S.W.2d 769 (1963) the hospital had been tax exempt for a period of years. They began construction in 1958 on a commercial building located on the exempt property. The building was completed and occupied in January, 1960. The hospital paid its tax for 1960 but refused to pay it for 1958 and 1959. The City of Nashville contended that commencement of construction on the commercial building ended the exemption. This Court held that the hospital owed no taxes during the period of construction,

"The better rule is that it requires *use* to take real property off the tax rolls. When real property is not on the tax rolls by reason of being exempt it should take *use* to put it back on, not intention." 211 Tenn. at 607, 366 S.W.2d at 773.

Since *Mid-State Baptist Hospital,* we have continued to look for actual physical use in determining exemptions. See *La Manna v. Electrical Workers,* 518 S.W.2d 348 (Tenn. 1974); *Book Agents of Methodist Episcopal Church South v. State Board of Equalization,* 513 S.W.2d 514 (Tenn.1974).

Appellees urge that tax exemptions in favor of charitable institutions are liberally construed rather than strictly construed in this State. We are aware of that line of cases. *Peabody College v. State Board of Equalization,* 219 Tenn. 123, 407 S.W.2d 443 (1966); *Sunday School Board of Southern Baptist Convention v. Evans,* 192 Tenn. 495, 241 S.W.2d 543 (1950); *City of Athens v. Dodson,* 154 Tenn. 469, 290 S.W. 36 (1926). Nevertheless as Mr. Justice Felts noted in *Nashville v. State Board of Equalization, supra* and Chief Justice Dyer quoted in *Book Agents of Methodist Episcopal Church,* ". . . the scope of tax exemption of property of such institutions has been steadily narrowed by decisions of this Court under our successive revenue acts . . ." 210 Tenn. at 601, 360 S.W.2d at 464, and 513 S.W.2d at 521. This case is controlled by the rule that it requires *use* to take real property off the tax roles. Giving the statute a liberal construction would not, in our opinion, permit a finding that the hospital was in use for charitable purposes on January 1, 1974.

The decree of the Chancery Court is reversed. Costs are assessed against St. Thomas Hospital.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.